Kenneth ASBEDIAN, Plaintiff,

v.

NEW YORK CITY HUMAN RE-
SOURCES ADMINISTRA-
TION, Defendant.

No. 97 CIV. 4086(SAS).

United States District Court,
S.D. New York.

March 12, 1998.

Kenneth Asbedian, Staten Island, NY, Pro
se.

Jeffrey D. Friedlander, Masako C. Shiono,
J. Machelle Sweeting *, Corporation Counsel
of the City of New York, New York City, for
Defendant.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

On March 10, 1997, *pro se* plaintiff Ken-
neth Asbedian filed this action pursuant to 42
U.S.C. § 2000e, alleging that defendant New
York City Human Resources Administration
("HRA") demoted him from a managerial
position to a non-managerial position because
of his "race, gender, and color." Defendant
now moves to dismiss based on plaintiff's
failure to file a timely claim with the Equal
Employment Opportunity Commission
("EEOC"). For the reasons set forth below,
defendant's motion is granted.

* Awaiting Admission

## I. Legal Standard for Motion to Dismiss

In deciding a Rule 12(b)(6) motion, a district court must limit itself to "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."[1] *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 661 (2d Cir.1996)(internal quotations omitted). A court deciding such a motion must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. *See Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir.1995). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996)(quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)))(internal quotation marks omitted). Rather, dismissal can only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bernheim*, 79 F.3d at 321 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## II. Factual Background

For purposes of this motion, the following facts are assumed to be true. Plaintiff Kenneth Asbedian, a white male, began his employment with defendant HRA in May 1966. *See* Pl. Compl. at ¶ 5. In October 1979, he was promoted to Administrative Staff Analyst on a "provisional basis." *See id.* at ¶ 6. On October 4, 1991, plaintiff was demoted to Associate Staff Analyst. *See id.* at ¶ 7. He was notified on December 26, 1991 that his salary would be adjusted downward to reflect the title change. *See* Pl. Ltr. 2 at 1. On January 7, 1992, he was notified that because the salary adjustment did not take effect immediately, his salary would be adjusted retroactively to account for any overpayment of wages resulting from his being paid according to his former salary rather than his new, lower salary. *Id.* Plaintiff filed a grievance with the HRA's Office of Labor Relations, dated February 19, 1992. *Id.* This grievance was denied in a decision dated April 7, 1992. *Id.* On April 30, 1992, plaintiff filed a second grievance with the Office of Labor Relations, which resulted in a denial dated July 9, 1992. *Id.* Neither of these grievances, however, contained allegations of discriminatory conduct by the HRA. *See* Gr. 1 & 2.

In pursuing his claim of illegal discrimination based on his "race, gender and color," plaintiff sent a letter dated September 10, 1992, to the HRA's Office of Legal Affairs, Freedom of Information Law ("OLA/FOIL"), requesting specific "demographic" data. *See* Pl. Ltr. 2 at 1. In response, plaintiff received a letter dated October 16, 1992, informing him that the OLA did not have the information broken down in the manner he requested. *Id.* During the period from October 16, 1992 to February 19, 1993, plaintiff sent no less than six letters to the OLA requesting information to substantiate his claim. *Id.* During February, 1993, plaintiff finally received the requested information from OLA/FOIL. *Id.* at 2. He filed a complaint with the CHR on April 22, 1993. *See* Pl. Compl. at 1. In a letter dated August 16, 1993, plaintiff was notified that his complaint had been forwarded to the EEOC. *See* Ltr. 3 at 1. Subsequently, plaintiff received a right to sue letter dated March 6, 1997, notifying

---

1. For purposes of this motion, the following documents will be considered as incorporated in the complaint: 1) plaintiff's complaint filed with the City of New York Commission on Human Rights ("CHR") on April 22, 1993 ("Pl.Compl."); 2) plaintiff's letter (dated May 1, 1995) to the CHR ("Pl.Ltr.1"); 3) plaintiff's letter (dated May 24, 1996) to the CHR ("Pl.Ltr.2"); 4) correspondence from the EEOC (dated August 16, 1993) to plaintiff ("Ltr.3"); 5) right to sue letter (dated March 6, 1997) issued by the EEOC ("Ltr.4"); and 6) grievances filed with the Office of Labor Relations on February 19, 1992 and April 30, 1992 ("Gr. 1 & 2"). Plaintiff originally filed a standard form complaint on March 10, 1997, whereby he provided his address, place of employment, and other general information pertinent to his claim. Shortly thereafter, plaintiff supplemented this information with the aforementioned documents, providing the same to defendant early in the proceedings.

plaintiff that, because his charge was untimely, his file had been closed by the EEOC. *See* Ltr. 4 at 1. The EEOC provided no explanation for the more than three-year delay in rendering its decision. *See id.*

Plaintiff alleges that the HRA did not demote similarly-situated employees who were "non-males or [non-]whites" and had less seniority with the HRA than plaintiff had. *See* Pl. Compl. at ¶ 8. In addition, plaintiff claims that a disproportionate number of non-white males were being appointed, hired and/or promoted to managerial titles and positions at the time he was demoted to Associate Staff Analyst. *See* Pl. Ltr. 1 at 1.

### III. Discussion

■ Title VII of the Civil Rights Act of 1964 ("Title VII") requires persons aggrieved by an employer's discriminatory acts or practices to file a complaint with the EEOC within one hundred and eighty days of such acts or practices. *Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)(citing 42 U.S.C. § 2000e–5(e)). In states such as New York, however, where a local agency addresses charges of discrimination, the employee must file an EEOC complaint within three hundred days. *See* 42 U.S.C. § 2000e–5(e). Time limitations under Title VII are similar to statutes of limitations: they begin to run when the employee knew or should have known of the alleged discriminatory act. *See Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir.1992). When an employee fails to file an EEOC complaint within the specified time period, the claim generally is time-barred and a district court lacks jurisdiction over the claim. *See Butts v. City of New York Dep't of Hous. Preservation and Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993).

■ Defendant claims that the statutory time period began to run on October 4, 1991, the date of plaintiff's demotion. Because plaintiff's CHR charge was not filed until April 22, 1993, more than eighteen months

later, defendant contends that the Title VII claim is time-barred. Title VII's filing requirements are not, however, a jurisdictional prerequisite to suit in Federal court; rather, they are requirements that, like statutes of limitations, are subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

■ Tolling of the limitations period does not occur, however, unless the employee was actively misled by his or her employer, was prevented in some way from exercising his or her rights, or asserted his or her rights in the wrong forum. *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.1985). Plaintiff argues that by filing grievances with the Office of Labor Relations, he inadvertently proceeded in the wrong forum. As such, he claims that the statute of limitations should be tolled during the period from February 19, 1992 to July 9, 1992, during which his grievances were pending before the Office of Labor Relations.

Even assuming that the filing period should be tolled during the pendency of plaintiff's grievances filed with the Office of Labor Relations, the claim is still time-barred. Viewing the evidence in a light most favorable to the nonmovant, the trigger date is no later than January 7, 1992, the date plaintiff was notified of the retroactive salary adjustment.[2] Because the period between January 7, 1992 and February 19, 1992 is forty-three (43) days, and the period between July 9, 1992 and April 22, 1993 is 287 days, which total to 330 days, plaintiff's claim is time-barred as it exceeds the statutory period under Title VII.

■ Plaintiff urges that the filing period should also be tolled between September, 1992 and February, 1993 because he was trying to gather information to substantiate his claim. His plea is unavailing. During this period, plaintiff was not actively misled by his employer, was not prevented from filing his claim with the CHR, and did not proceed

---

**2.** Arguably, plaintiff did not assert his rights in the wrong forum. The grievances he filed with the Office of Labor Relations did not include any allegations of discriminatory conduct by the HRA. Rather, plaintiff requested a reinstatement to his former title and salary. Because plaintiff did not include any claims of illegal discrimination, he did not assert his rights in the wrong forum.

in the wrong forum. Accordingly, the limitations period is not tolled during the time when plaintiff was seeking information. As a result, his claim is time-barred.

The principle underlying the statutory limitations period is the "promot[ion of] justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Similarly, the Supreme Court has explained that "Federal courts have typically extended equitable relief only sparingly ... [and] have generally been much less forgiving in receiving late filings where claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). More than six years have passed since plaintiff's demotion in title and salary on October 4, 1991. Plaintiff did not file a charge with the CHR until more than 500 days following his demotion. Moreover, because plaintiff has not advanced a valid ground for equitably tolling the period from July 9, 1992 to April 22, 1993, his EEOC charge is untimely.

## IV. Conclusion

For the foregoing reasons, defendant's Motion to Dismiss is granted. In addition, plaintiff's Motion for Summary Judgment is denied as moot. The Clerk of the Court is directed to close this case.

SO ORDERED.