Lawrence I. WEISMAN on his own behalf
and on behalf of James L. Weisman
et al., Plaintiffs-Appellants,

v.

Pierre J. LeLANDAIS et al.,
Defendants-Appellees.

Rosemary T. FRANCISCUS,
Plaintiff-Appellant,

v.

Pierre J. LeLANDAIS and Sheila C.
Weisman, Defendants-Appellees.

Nos. 505, 848, Docket 75–7250, 75–7264.

United States Court of Appeals,
Second Circuit.

Argued Feb. 11, 1976.

Decided March 22, 1976.

Lawrence I. Weisman, pro se.

Hyman Bravin, New York City, for Weisman.

Schwenke & Devine, New York City, for appellees.

Before TIMBERS, Circuit Judge, and BRYAN * and HOLDEN,** District Judges.

PER CURIAM:

The main question presented in these two appeals is whether the District Court correctly dismissed the amended complaints. Jurisdiction is invoked under various federal statutes, but for the purpose of this review we need be concerned only with 28

* Honorable Frederick van Pelt Bryan, District Judge of the Southern District of New York, sitting by designation.

** Honorable James S. Holden, Chief Judge of the District of Vermont, sitting by designation.

U.S.C. §§ 1331, 1332, 1343 and 42 U.S.C. § 1983. The orders appealed from were filed March 12, 1975, and are endorsed on the defendants' motions to dismiss. The orders simply state "Motion granted. The complaint is dismissed. So ORDERED," over the signature of the Honorable Charles E. Stewart, Jr., of the Southern District, to whom the cases were assigned upon their transfer from the Eastern District.[1]

The plaintiffs filed timely notices of appeal. Before the cases were argued, the appellants, in derogation of their appeals, moved to dismiss in this court on the ground that the orders from which their appeals were taken were not appealable for lack of finality. The appellees resisted the motions; they urge that the orders of the District Court should be affirmed on the merits.[2] Since the appellants' turnabout motions are based on appellate jurisdiction, we consider that question first.

■ It is the appellant's contention that since the order of dismissal is directed only to the complaint, the action survives and is left pending; hence it is not appealable under 28 U.S.C. § 1291 for lack of finality. We disagree. Although the distinction claimed by the appellants finds support in the Ninth Circuit, see e. g., Firchau v. Diamond National Corp., 345 F.2d 269, 270–71 (9th Cir. 1965), it has not been observed in this circuit so far as we can ascertain. In using the words "The complaint is dismissed," without granting leave to amend, the District Court intended to terminate the action. Compare Kozemchak v. Ukrainian Orthodox Church of America, 443 F.2d 401 (2d Cir. 1971) (dismissal of complaint with leave to amend not final decision and not appealable); Epton v. Hogan, 355 F.2d 203 (2d Cir. 1966); Atwater v. North American Coal Corp., 111 F.2d 125 (2d Cir. 1940). We hold that the orders of dismissal are final decisions within 28 U.S.C. § 1291 and are properly before this court for review. See Markert v. Swift & Co., 173 F.2d 517, 519 (2d Cir. 1949).

■ The failure of the District Court to specify the reasons for dismissing the complaints directs us to the grounds upon which the motions were advanced. The motions of the principal defendants LeLandais and Sheila Clejan Weisman ("Clejan") were presented under Rule 12(b). Fed.R.Civ.P., on three grounds: (1) failure to state claims upon which relief can be granted; (2) lack of personal jurisdiction over the defendants Doman and Kahoe; and (3) the actions are frivolous and not brought in good faith. As appears in the margin, this review is limited to the first ground stated.[3]

1. The complaints in both actions were originally filed in the Eastern District of New York and were transferred to the Southern District of New York on motion of the defendant by order of the Honorable John F. Dooling, Jr., dated July 12, 1974. The Weisman plaintiffs filed an amended complaint in July, 1974 and plaintiff Franciscus amended her complaint in August, 1974. Since the amendments were filed prior to any responsive pleading by the defendants, it appears that the complaints were amended under Rule 15(a), Fed.R.Civ.P. Subsequent to the amendments, the action was discontinued as to defendants Doman and Kahoe by stipulation of the parties.

2. By a motion returnable on September 23, 1975, before Friendly, Hays and Feinberg, Circuit Judges, the appellants requested this court to dismiss the appeal for lack of jurisdiction and to remand the cases back to the United States District Court for the Southern District of New York for the purpose of amending the complaints or, in the alternative, to extend the time for the appellants to perfect their appeal after denial of the motion to dismiss. The court denied the application "without prejudice to move to dismiss before the Panel that will hear the appeal." It was further ordered that the appellants shall file a brief and joint appendix on or before October 23, 1975. The motion was renewed before the present panel.

3. There was no suggestion by the court below, nor by the parties, that the motions to dismiss were considered as motions for summary judgment under Rule 12(b), Fed.R.Civ.P. Matters outside the pleadings were presented only by way of the affidavits of defendants Doman and Kahoe. The actions against these defendants were discontinued with prejudice by stipulation. The question of good faith is not challenged by affidavit. In any event, absent any indication by the district judge that he was going to consider any matters beyond the pleadings, and since the plaintiffs filed no counter-affidavits, factual issues should not be resolved against them on the strength of defendants' affidavits alone. See Dale v. Hahn, 440 F.2d 633, 638 (2d Cir. 1971).

■ The complaints are prolix and are stated with numerous counts. Giving the pleaders the benefit of the doubt, as we are constrained to do in reviewing the orders of dismissal, various claims involving amounts beyond the statutory threshold of $10,000, are asserted within federal diversity jurisdiction. They include violation of fiduciary duties, fraud, conversion of corporate securities, libel and slander, false arrest and malicious prosecution. Without examining each of the counts with particularity, it is sufficient to refer to the allegations of false arrest which are asserted under 42 U.S.C. § 1983 and also under common law diversity jurisdiction.

The sum and substance of the facts alleged in support of the Weisman counts for false arrest and malicious prosecution are that the defendants Clejan and LeLandais entered into a conspiracy to violate the laws of the United States and the several states. He complains that in furtherance of the conspiracy and in concert with the police of Southampton and Hampton Bays, New York, in violation of 42 U.S.C. § 1983, on November 5, 1972, the defendants caused his illegal arrest, detention and beating by falsely accusing him of threatening them with a gun. After a thorough search the police found no weapon and demanded that LeLandais and Clejan press new charges to justify the unlawful arrest. To cover up the false arrest the defendants falsely charged that the plaintiff Weisman was wanted in New York City on a fugitive warrant. In response to this charge, the plaintiff was held without bail until the police verified that the charge was groundless. The complaint further alleges that the defendants, again acting in concert with the police, caused the plaintiff Weisman to be arrested on charges of harassment. The Family Court of Suffolk County, where the proceedings were transferred, dismissed the charge on May 16, 1973, for failure of the defendants LeLandais and Clejan to appear.

There are further allegations that on November 7, 1972 the defendants LeLandais and Clejan, acting under color of law, caused the New York City police to arrest and detain the plaintiff, Lawrence Weisman, without a warrant on charges of assaulting the defendant Clejan's son. The complaint asserts that the defendants gave the police a key to the apartment shared by plaintiffs Lawrence Weisman and Rosemary Franciscus and, acting in concert with the police, caused an illegal entry of this residence to accomplish an unlawful arrest.

The plaintiff Franciscus alleges substantially the same facts concerning her arrest on November 7, 1972. She alleges a conspiracy by the defendants, with participation of the New York City police, which resulted in her detention at the 19th Precinct Police Station and the Tombs. She avers that the criminal charges asserted by the defendants were finally dismissed by the Criminal Court of New York City in the interest of justice, but over the objection of the defendant Clejan, with findings that the defendant Clejan was using the threat of criminal action to intimidate the plaintiff and the charges were exaggerated and unprovable. There are numerous further claims which allege other tortious conduct by the defendants. Further recital would serve no useful purpose in this review; the thrust of both complaints is the same.

Affording the complaints the favorable conspectus to which they are entitled, our review persuades us that the District Court acted prematurely in dismissing these actions and thus denying both plaintiffs the opportunity to establish their claims under the Civil Rights Act and the court's diversity jurisdiction.

Chief Justice Burger wrote in *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974):

When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plain-

tiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

The Court then went on to quote from *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957):

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

As for the Civil Rights Act, sufficient facts are stated to constitute state action. The state and private actions are entwined.

■ The alleged participation of the police officers of New York City, Southampton and Hampton Bays provides the state action essential to show a direct violation of the plaintiffs' civil rights under 42 U.S.C. § 1983, whether or not the conduct of the police was authorized or lawful. *Adickes v. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142, 151 (1970). "Moreover, a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983." *Id.* *See also United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267, 272 (1966).

Section 1983 is to be read against the background of tort liability. *Pierson v. Ray,* 386 U.S. 547, 556, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (1967). According to the law of New York, any imprisonment which is not legally justifiable is a false imprisonment and subjects the person responsible for the detention to liability in tort for damages. *Vernes v. Phillips,* 266 N.Y. 298, 194 N.E. 762, 763 (1935); *Cf.*

Restatement (Second) of Torts § 35 et seq. (1965).

Both complaints plead sufficient facts to invoke the federal jurisdiction under 28 U.S.C. §§ 1332 and 1343. The orders of dismissal are reversed and the causes remanded.