■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK AUPPERLEE, Respondent, v WARDEN OF WALLKILL CORRECTIONAL FACILITY, Appellant. [652 NYS2d 132] —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered March 15, 1996 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner to temporary work release.

Although respondent raised a number of procedural objections to this habeas corpus proceeding at Supreme Court, respondent focuses only on the merits in this appeal from Supreme Court's judgment in favor of petitioner. According to respondent, petitioner, a State prison inmate who was participating in a temporary release program, had no due process, statutory or regulatory right to a hearing prior to his removal from the program based upon the mandatory review of his status which resulted from the denial of his request for parole (*see*, Correction Law § 851 [2]; 7 NYCRR 1904.5). Contrary to respondent's argument, 7 NYCRR 1904.2 *(l)* expressly provides that "[w]hen an inmate has not had a disciplinary hearing sustained, *or the temporary release committee is reviewing an inmate's appropriateness for continued participation in a temporary release program,* the temporary release committee shall conduct a full hearing" (emphasis supplied). It is undisputed that in conducting the reevaluation required by 7 NYCRR 1904.5 (b) (1), the temporary release committee reviewed petitioner's appropriateness for continued participation in a temporary release program. Thus, before petitioner could be removed from the program, the procedures detailed in 7 NYCRR 1904.2 *(l)* had to be followed (*see*, 7 NYCRR 1904.5 [b] [2]). It is clear from the record that the procedures were not followed and, therefore, Supreme Court correctly concluded that petitioner was not properly removed from the temporary release program.

Respondent contends in the alternative that Supreme Court erred in ordering petitioner's immediate return to the temporary release program. According to respondent, the appropriate remedy was to remit the matter for a new determi-

nation in compliance with the required procedures. Inasmuch as petitioner has again been denied parole and, therefore, his status in the temporary release program must be reevaluated anew pursuant to 7 NYCRR 1904.5 (b) (1), we conclude that the issue is moot (*cf., Matter of Prescott v Coughlin*, 221 AD2d 785). Upon our affirmance of the judgment, petitioner will be returned to the temporary release program subject to the reevaluation required by 7 NYCRR 1904.5 (b) (1), during which the procedural mandate of 7 NYCRR 1904.5 (b) (2) and 1904.2 (*l*) must be followed.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.