**Marc S. FRIEDLANDER,**
**et al., Plaintiffs,**

v.

**Richard ROBERTS, et al., Defendants.**

**172 White Mountain Limited, Plaintiff,**

v.

**City of New York, et al., Defendants.**

**Nos. 98 Civ 1684(RMB),**
**98 Civ 8007(RMB).**

United States District Court,
S.D. New York.

Jan. 26, 1999.

Richard D. Emery, Alan L. Fuchsberg, Bruce R. Calderon, The Jacob D. Fuchsberg Law Firm, New York City, for Plaintiffs.

Charles Olstein, Corporation Counsel of the City of New York, Michael J. Sullivan, Christopher J. White, White & McSpedon, P.C., Benjamin A. Fleischner, White, Fleischner & Fino, New York City, for Defendants.

### ORDER

BERMAN, District Judge.

The Court has before it the two above-captioned cases stemming from the demolition on January 24, 1998, by the City of New York of a five story building located at 172 Stanton Street on the lower east side of Manhattan ("172 Stanton").

In *Friedlander, et al. v. Richard Roberts, et al.* (98 Civ. 1684) (*"Friedlander"*), plaintiffs, the former tenants and occupants of 172 Stanton, seek relief from the City of New York and several of its officers (the "Municipal Defendants"), as well as Ruth and Nat Weisberg, the alleged owners of 172 Stanton (the "Owners").

Plaintiffs assert claims against the Municipal Defendants under 42 U.S.C. § 1983 for alleged violations of due process under the United States Constitution, as well as various pendent state law claims against both the Municipal Defendants and the Owners. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Municipal Defendants move to dismiss the Complaint as to them for failure to state a claim upon which relief can be granted. Oral argument on the Municipal Defendants' motion was held on January 7, 1999.

In the second case, *172 White Mountain Ltd. v. City of New York, et al.,* (98 Civ. 8007) (*"172 White Mountain Ltd."*), the corporate owner of 172 Stanton asserts various claims arising out of the demolition of 172 Stanton.

For the reasons stated below, the Municipal Defendants' motion to dismiss in *Friedlander* is denied, and *Friedlander* is hereby consolidated with *172 White Mountain Ltd.*

## I. Motion to Dismiss

### A. Background

The following facts, which are set forth in the *Friedlander* Complaint, are taken to be true for the purposes of this motion. On January 24, 1998, at approximately 9 a.m., a partial collapse of the bricks of one section of the north facade occurred at 172 Stanton, a five story building with twelve apartments and one retail store, located on the lower east side of Manhattan. (Compl.¶ 8). Bricks broke away only on the first floor in one rear section of the facade and between two windows on the second floor over the same section of facade of 172 Stanton. (Compl.¶ 9). By approximately 9:30 a.m., the police and fire departments had arrived and ordered Plaintiffs to immediately vacate 172 Stanton, but provided assurance that following an inspection of the building they would be able to return. (Compl.¶ 10). Over the next two hours, representatives of the Office of Emergency Management, a division

of the Mayor's office, arrived on the scene, as did the Mayor, who inspected 172 Stanton. (Compl.¶¶ 11–12). By approximately 1:30 p.m., all streets leading to the site were closed, and at about 7:00 p.m., the demolition contractor, retained by the New York City Housing Preservation and Development Authority, began to demolish 172 Stanton. (Compl.¶¶ 13–14).

Plaintiffs' allege that 172 Stanton was not in imminent danger of collapse and was not an immediate peril to the public health and safety. (Compl.¶¶ 19, 54). Witnesses to the demolition, including an architect, reported that at no time during the 17 hour demolition process did 172 Stanton show signs that it would have otherwise collapsed. (Compl.¶ 18). Plaintiffs allege that, at no time were they "given timely notice with an opportunity to be heard in a court of law of any demolition proceeding ..." (Compl.¶ 17). Plaintiffs further allege that the decision and policy determination by the Municipal Defendants to demolish 172 Stanton was made in an "arbitrary and capricious manner in that the City and its Employees failed to abide by Article 8, §§ 26–235 through 26–243 of the New York City Administrative Code and consequently as a direct abuse of due process." (Compl.¶ 52). Plaintiffs claim that the Municipal Defendants have engaged in a "pattern and practice of demolishing certain buildings" without following the requirements of the law and this conduct "is a result of a misguided policy and not a random or unauthorized act." (Compl.¶ 26).

**B. Motion to Dismiss Standard**

In resolving a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of plaintiff. *See Shalaby v. Saudi Arabian Airlines,* 1998 WL 782021 at *4 (S.D.N.Y. Nov. 9, 1998). A complaint may not be

dismissed under Rule 12(b)(6) unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In other words, the burden upon the movant is substantial as the issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" *Gant v. Wallingford Board of Education,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 (2d Cir.1976) (per curiam)).

**C. Due Process Claims**

■ The Municipal Defendants' motion does not withstand the aforementioned analysis. Plaintiffs procedural due process claim is essentially that the Municipal Defendants failed to provide them with a pre-deprivation hearing prior to the demolition to which they say they were entitled because "172 Stanton was not in imminent danger of collapse." (Compl.¶ 56). *See Catanzaro v. Weiden,* 140 F.3d 91, 94 (2d Cir.1998) ("procedural due process requires an opportunity for a meaningful hearing prior to the deprivation of a significant property interest").[1] Plaintiffs also assert a substantive due process claim arguing that the determination to demolish 172 Stanton was made in "an arbitrary and capricious manner" pursuant to a "misguided policy" and in violation of the New York City Administrative Code. (Compl.¶¶ 25–26, 52). *See Id.* at 95 (quoting *Kaluczky v. City of White Plains,* 57 F.3d 202, 211 (2d Cir.1995)) ("[s]ubstantive due process protects [individuals] against government action that is arbitrary, conscience-shocking, or oppressive in a consti-

---

1. Plaintiffs also concede that the Municipal Defendants "determined, pursuant to City policy, that 172 Stanton was in imminent danger of collapse ..." (Compl.¶ 51).

tutional sense, but not against government action that is 'incorrect' or 'ill-advised' ").

At this very early stage of the litigation, prior to the taking of any discovery, it is premature to hold that plaintiffs cannot produce probative evidence on the basis of which a fact finder could predicate a due process violation. This question must await the development of a record. Accordingly, the Municipal Defendants' motion to dismiss is denied.

At the same time, the Court is mindful that "[t]he law should not discourage officials from taking prompt action to insure the public safety. By subjecting a decision to invoke an emergency procedure to an exacting hindsight analysis, where every mistake, even if made in good faith, becomes a constitutional violation, we encourage delay and thereby potentially increase the public's exposure to dangerous conditions." *Catanzaro,* 140 F.3d at 98 (Parker, J., dissenting).

While the above-referenced *Catanzaro*[2] case is factually similar to the instant action, the cases are in different procedural postures. The motion before this Court is for dismissal under Rule 12(b)(6), not for summary judgment as in *Catanzaro. See Scheiner v. Wallace,* 1995 WL 464944 at *5 (S.D.N.Y. Aug. 4, 1995) (if an issue "is inappropriate for resolution on a motion for summary judgment, then still greater caution must be applied when the question arises, as it does here, on a motion to dismiss"); *Beverly v. Network Solutions, Inc.,* 1998 WL 320829 at * 3 (N.D.Cal., June 12, 1998), *reconsideration denied by,* 1998 WL 917526 (N.D.Cal., Dec.30, 1998) ("the granting of a motion to dismiss is subject to an even more stringent standard than one for summary judgment"); *Amendola v. Bayer,* 1988 WL 128687 at * 2 (N.D.Ill., Nov. 21, 1988), *aff'd,* 907 F.2d 760 (7th Cir.1990) ("[i]t is axiomatic that different standards are used to evaluate motions

to dismiss under Rule 12(b)(6) and motions for summary judgment under Rule 56"). Thus, even if the Second Circuit were to reverse its holding in *Catanzaro,* and, for example, adopt Judge Parker's dissent, it is unclear whether that decision would have an impact on this Court's holding concerning the Municipal Defendants instant motion to dismiss.

## II. Consolidation

 It is well settled that the "trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284–85 (2d Cir.1990), *cert. denied,* 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990) (citations omitted). The Court is also mindful that "the discretion to consolidate is not unfettered" and that "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* Here, both *Friedlander* and *172 White Mountain Ltd.* involve claims under 42 U.S.C. § 1983, arising out of the demolition of 172 Stanton, and involve common questions of law and fact. It seems evident, in this instance, that both the interests of justice and considerations of judicial economy favor consolidation. Therefore, it is further ordered, pursuant to Federal Rule of Civil Procedure 42(a), that *Friedlander* be consolidated with *172 White Mountain Ltd.*

## III. Conclusion

For the foregoing reasons the Municipal Defendants' motion to dismiss in *Friedlander* is denied, and *Friedlander* is hereby consolidated with *172 White Mountain Ltd.*. The parties in the above-captioned actions are directed to appear at a scheduling conference on Thursday, February 4,

**2.** The Court is aware that a Petition for Rehearing and Suggestion for Rehearing En Banc in *Catanzaro* was recently heard by the Second Circuit Court of Appeals. Certainly,

the parties herein would be welcome to bring to this Court's attention (for appropriate action) any holding by the Second Circuit that may bear upon these proceedings.

1999, at 9:30 a.m., in Courtroom 706 of the U.S. Courthouse, 40 Centre Street, New York, New York.

**SO ORDERED**