Frank AUPPERLEE, Plaintiff,

v.

Thomas COUGHLIN, III, Philip Coombe, Jr., Glenn S, Goord, James F. Recore, and Brian Fischer, Defendants.

No. CV 98–7245 (ADS)(ETB).

United States District Court, E.D. New York.

May 31, 2000.

Lamb & Barnosky, LLP, Melville, NY, Scott M. Karson, of counsel, for Plaintiff.

Eliot Spitzer, Attorney General of State of New York, Mineola, NY, Bonnie Garone, Assistant Attorney General, for Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On November 20, 1998 Frank Aupperlee (the "plaintiff" or "Aupperlee"), initiated

this action by the filing of a complaint against Thomas Coughlin, III ("Coughlin"), Philip Coombe, Jr. ("Coombe"), Glenn S. Goord ("Goord"), James F. Recore ("Recore"), and Brian Fischer ("Fischer") (collectively, the "defendants"). The plaintiff alleges that the defendants violated 42 U.S.C. § 1983 ("Section 1983") when they refused to grant him reinstatement into the temporary work release program. Specifically, the plaintiff contends that the defendants violated his procedural and substantive due process rights.

Presently before the Court is the defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

Unless otherwise stated, the following factual allegations are taken from the plaintiff's complaint. The defendants are employed by the Department of Correctional Services of the State of New York ("DOCS"). The plaintiff was convicted of assault in the first degree and sentenced on May 8, 1989 to an indeterminate term of imprisonment of 5 to 15 years at the Queensboro Correctional Facility. While incarcerated, Aupperlee was an exemplary inmate maintaining an unblemished institutional record and attaining a "satisfactory inmate adjustment evaluation." As a result, on November 25, 1992, the plaintiff was admitted into the temporary work release program. Without exception, Aupperlee adhered to program guidelines and made significant progress during the approximate year and a half while on temporary work release.

On March 29, 1994, the plaintiff was ordered to appear before the Queensboro temporary release committee (the "Committee") for a statutorily required review of his work release status. Following a hearing, the Committee recommended that the plaintiff be denied further participation in the temporary work release program. On March 31, 1994, Fischer, the superintendent of the Queensboro Facility, approved the recommendation of the Committee and removed the plaintiff from the temporary work release program. Aupperlee filed an administrative appeal from Fischer's determination, which on May 12, 1994, was affirmed by defendant Recore, the director of the temporary work release program of the DOCS.

Following his removal, the plaintiff was re-institutionalized at the Mohawk Correctional Facility. Again, he remained highly active in many of the prison programs and continued to maintain an exemplary record. Aupperlee was subsequently transferred to Watkill Correctional Facility where he commenced a habeas corpus proceeding in the Supreme Court of the State of New York, County of Ulster, challenging the Committee's determination of March 31, 1994, denying him reinstatement into the temporary work release program. On February 8, 1996, Justice Vincent G. Bradley held that the plaintiff had been wrongfully dismissed from the temporary work release program and that the DOCS had failed to comply with the state mandated requirements governing "participation review." On March 11, 1996, Justice Bradley ordered that the plaintiff be immediately reinstated in the temporary work release program.

The defendants appealed to the Appellate Division, Third Judicial Department and the lower court judgment was stayed. On January 2, 1997, the Appellate Division affirmed Justice Bradley's decision and granted the plaintiff's request for reinstatement into the temporary work release program, subject to reevaluation by the Committee in compliance with the New York Code of Rules and Regulations ("NYCRR"). *See, People ex rel. Aupperlee v. Warden of Wallkill Correctional Facility,* 235 A.D.2d 605, 652 N.Y.S.2d 132 (3d Dep't 1997). On February 6, 1997, the DOCS, under the directive of defendant Fischer, reevaluated the plaintiff's admission into the temporary work release program, and revoked his participation in the program.

The complaint alleges three causes of action. The first cause of action arises from his removal from the temporary work release program following the March 31,- 1994 decision of the DOCS. The plaintiff asserts that pursuant to 42 U.S.C. § 1983, defendants James Recore and Brian Fischer deprived him of the procedural due process rights afforded by the United States Constitution and relevant state regulations governing correctional facilities. The plaintiff alleges that defendants Recore and Fischer violated the statutorily mandated procedures set forth in the NYCRR by denying him the right to a full and fair evidentiary hearing.

The plaintiff's second cause of action arises from a state common law claim of unlawful imprisonment resulting from Recore and Fischer's alleged contemptuous disregard of the January 2, 1997 Order of the Appellate Division, which directed the plaintiff's reinstatement into the temporary work release program subject to reevaluation by the Committee pursuant to 7 NYCRR § 1904.5(b)(1). The plaintiff's unlawful imprisonment claim alleges that from January 2, 1997 to February 6, 1997, he was unlawfully imprisoned due to the approximate one month delay in the Committee conducting the hearing. Following the February 6, 1997 hearing, the plaintiff was again denied reinstatement by the defendant Fischer.

The plaintiff's third cause of action asserts that on February 6, 1997, defendants Recore and Fischer unlawfully denied him re-admission into the temporary work release program. In support of this claim, the plaintiff asserts that he was denied the statutorily defined considerations mandated by Section 1904.2(1) of the NYCRR. Specifically, the plaintiff contends that: (1) he was not provided with adequate notice of the issues raised against him at that hearing; (2) he was denied the right to have witnesses present; (3) he was not present for critical stages of the hearing; (4) he was denied immediate access to the record; (5) he was not informed of several witnesses who made statements against him; and (6) he was not able to obtain the transcripts or videotapes of the witnesses who testified against him.

Finally, the complaint alleges that three current or former commissioners of the New York State Department of Correctional Services; namely, Coughlin, Coombe, and Goord participated in the actions underlying the three causes of action outlined above, and thus violated the plaintiff's civil rights.

The defendants contend that they are entitled to qualified immunity as to the first three causes of action in that: (1) in March, 1994, the rights of the plaintiff were not clearly established when he was first denied reinstatement into the temporary work release program; (2) the 35 days that the plaintiff remained incarcerated prior to his court ordered reevaluation was objectively reasonable in light of the language of the January 2, 1997 Order of the Appellate Division; and (3) the law remained unclear in February, 1997 when the plaintiff was denied re-admission into the work release program.

In addition, defendants Coughlin, Coombe, and Goord assert that the plaintiff's complaint does not include any allegations against them sufficient to impose individual liability for the alleged constitutional violations.

## II. DISCUSSION

### A. *Rule 12(b)(6)*

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.,* 134 F.3d 41, 44 (2d Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957] ); *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130

L.Ed.2d 38 (1994). The Second Circuit has recently stated that "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d Cir.1999) (quoting *Allen v. West-Point–Pepperell, Inc.,* 945 F.2d 40, 44 [2d Cir.1991]); *see also Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 [2d Cir.1991]); *International Audiotext Network, Inc. v. AT & T Co.,* 62 F.3d 69, 72 (2d Cir.1995).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *see Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985), and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true, *see Strom v. Goldman, Sachs & Co.,* 202 F.3d 138 (2d Cir.1999); *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996).

The Court is also mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice". Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied,* 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.,* 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais,* 532 F.2d 308, 311 [2d Cir.1976] [per curiam]).

It is within this framework that the Court addresses the motion to dismiss the complaint.

## B. *Qualified Immunity*

Section 1983 of Title 42 of the United States Code provides in pertinent part that:

> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from such liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne,* 526 U.S. 603, 119 S.Ct. 1692, 1696, 143 L.Ed.2d 818 (1999) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 [1982]); *see also Pena v. Recore,* 1999 WL 966107 (E.D.N.Y 1999). In *Weaver v. Brenner,* 40 F.3d 527 (2d Cir.1994), the Second Circuit stated that:

The goal of § 1983 is to deter public officials from violating citizens' federal rights and to compensate victims of such official wrongdoing. The doctrine of qualified immunity weighs this important interest in citizens' civil rights against the policies of encouraging qualified persons to accept public positions and ensuring that public officials vigorously discharge their duties. The balance struck under the doctrine of qualified immunity has been formulated as a rule: public officials are immune from § 1983 civil rights suits brought by an aggrieved citizen when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

*Id.* at 532–33. Moreover, the defense of qualified immunity "protects only individual defendants sued in their individual capacity, not governmental entities ...." *Rodriguez v. City of New York,* 72 F.3d 1051, 1065 (2d Cir.1995) (citing *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 361–62, 116 L.Ed.2d 301 [1991] ); *see also Penlyn Development Corp. v. Incorporated Village of Lloyd Harbor,* 51 F.Supp.2d 255 (E.D.N.Y.1999).

■ The issue of qualified immunity is one that should be decided upon a motion for summary judgment, and before discovery, whenever possible. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne,* 526 U.S. 603, 119 S.Ct. 1692,1697, 143 L.Ed.2d 818 (1999) (quotation omitted). " 'Clearly established' for qualified immunity purposes means that the contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Id.* at 1694. Even where the plaintiff's rights and the scope of the officials' permissible conduct are clearly established, the qualified immunity defense protects a governmental actor if it was "objectively reasonable" for the actor to believe that his actions were lawful at the time of the alleged unlawful conduct. *Doe v. Marsh,* 105 F.3d 106, 109–10 (2d Cir.1997); *Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir.1995).

■ In order to overcome a defendant's assertion of qualified immunity, a Section 1983 plaintiff must demonstrate that at the time of the violation, the contours of the allegedly violated right were "sufficiently clear that a reasonable official would understand that what he [was] doing violate[d] that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *see Conn v. Gabbert,* 526 U.S. 286, 119 S.Ct. 1292, 143 L.Ed.2d 399, (1999); *see also Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975). The official's action need not previously have been declared unlawful. *Anderson,* 483 U.S. at 640, 107 S.Ct. 3034. Rather, the unlawfulness must be apparent "in the light of pre-existing law." *Id.*

### 1. Plaintiff's Removal From Temporary Work Release In March, 1994.

■ The plaintiff's first cause of action seeks damages for his removal from temporary work release in March, 1994. Specifically, the Complaint alleges that:

31. The removal of the plaintiff from the temporary release program by the defendant Fischer on March 31, 1994, the summary affirmance of that determination by defendant Recore on May 12, 1994, and plaintiff's resulting incarceration for more than 39 months, under color of State law, were illegal and deprived the plaintiff of rights, privileges and immunities secured to the plaintiff by the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and protected by 42 U.S.C. § 1983.

32. At all times relevant hereto, defendant Fischer and defendant Recore were acting under the direction and control of defendants Coughlin, Coombe and Goord, and each of them.

33. Acting under color of State law and pursuant to official policy or custom, defendants Coughlin, Coombe and Goord, and each of them, knowingly, recklessly or with deliberate indifference or callous disregard of plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis defendants Fischer and Recore in their duties to comply with, abode by and obey the Correction Law of the State of New York and regulations promulgated thereunder, and to refrain from depriving plaintiff of his constitutional and statutory rights, privileges and immunities.

While neither side disputes that a prisoner has a legally protectable liberty interest in remaining in a work release program, *see Tracy v. Salamack,* 572 F.2d 393, 395–96 (2d Cir.1978), the scope of that interest is "defined by the state law that creates it." *Severino v. Negron,* 996 F.2d 1439, 1441 (2d Cir.1993) (citation omitted). The plaintiff's liberty interest for continued participation in the temporary work release program in March, 1994 was defined by Section 1904.2 of the NYCRR which was later amended in September of that same year. The defendants contend that Section 1904.2 of the NYCRR was unclear and ambiguous and thus did not provide a clearly established right for continued participation in the temporary work release programs.

Approximately one year prior to the events at issue with regard to this first cause of action, the Second Circuit in *Severino v. Negron,* 996 F.2d 1439 (2d Cir. 1993), addressed the issue concerning liberty interests afforded to inmates in the continued participation of work release programs. In *Severino,* an inmate and participant in a work release program was brought before the DOCS for review of his work release eligibility. As in this case,

Severino was removed from work release following a hearing at which he was asked only one question. While the Second Circuit held that inmates are afforded *some* liberty interest in their continued participation in work release, the court did not say that the boundaries of that interest were drawn with such clarity that the officials in question knew precisely what was required to remove an inmate from the program. The court further stated that "[a]lthough we might disagree with this holding, the very existence of a disagreement demonstrates the fuzziness of the boundaries of an inmate's liberty interest in a temporary release program in New York." *Id.* at 1442. The Second Circuit concluded that in light of the pre-existing law, the DOCS officials who removed Severino from work release were entitled to qualified immunity for their actions.

Accepting the facts alleged in the plaintiff's complaint as true, as this Court must, the contours of the plaintiff's right were not "sufficiently clear that a reasonable person would understand that what he [was] doing violate[d] that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *see Conn v. Gabbert,* 526 U.S. 286, 119 S.Ct. 1292, 143 L.Ed.2d 399, (1999); *see also Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975).

In addition, the Court notes that further indication of the ambiguity of Section 1904.2 is demonstrated by the fact that it had been subsequently amended in September, 1994 to clarify the procedures to be followed where an inmate is removed from temporary work release. Accordingly, Recore and Fischer's motion to dismiss the first cause of action on the ground of qualified immunity is granted.

**2. Plaintiff's 35 Day Incarceration Pending a Court Ordered Reevaluation for Reinstatement in the Temporary Work Release Program.**

The plaintiff's second cause of action seeks damages for the 35 day period

in which he remained out of the work release program despite the Third Department's January 16, 1997, Order that the "petitioner be returned to the temporary release program subject to the reevaluation required by 7 NYCRR 1904.5(b)(1), during which the procedural mandate of 7 NYCRR 1904.5(b)(2) and 1904.2($l$) must be followed." Specifically, the complaint alleges the following:

> 39. Contrary to the clear and unequivocal order of the Appellate Division, Third Department that the plaintiff be returned to the temporary release program, plaintiff was not returned by the defendants to the program. Rather, he was... given only a three-day furlough (days only) and then imprisoned pending the conduct of a new hearing before the TRC to purportedly review the appropriateness of his continued participation therein.

The defendants assert that they are entitled to qualified immunity as the Third Department's Order did not specifically require that the plaintiff be immediately restored to temporary work release. The court agrees.

The court is not persuaded by the plaintiff's contention that he was entitled to immediate reinstatement in the temporary work release program with a reevaluation to be conducted thereafter. It is clear from the express language of the Order of the Appellate Division, that the plaintiff's reinstatement was contingent upon a reevaluation pursuant to the procedural mandates of 7 NYCRR §§ 1904.5(b)(2) and 1904.2($l$). The Order explicitly stated that the plaintiff's return to the temporary work release program was "subject to the reevaluation as required by 7 NYCRR 1904.5(b)(1)."

Finally, even if the Appellate Division had intended that the plaintiff be granted immediate reinstatement, the defendants are entitled to qualified immunity as any reasonable official could have understood the Order as conditioning reinstatement upon a favorable reevaluation under 7 NYCRR § 1904.5(b)(1). Accordingly, Recore and Fischer's motion to dismiss the second cause of action is granted.

### 3. Plaintiff's Removal From Temporary Work Release in February 1997.

The plaintiff's third Section 1983 cause of action asserts that the decision of defendants Recore and Fischer to remove him from the temporary work release program in February, 1997 was unlawful and violated his civil rights. Specifically, plaintiff contends that the defendants failed to comply with the due process requirements as prescribed by 7 NYCRR §§ 1904.5(b) and 1904.2($l$) which include a 24 hour notice of the specific reasons for the hearing; a personal appearance before the Committee; an electronic recording of the hearing in its entirety; the right to call witnesses; the right to reply and produce evidence; and the right to a written statement setting forth the decision and evidence relied on in making their decision. Plaintiff also asserts that pursuant to 7 NYCRR § 1904.1(b), his suitability for continued participation in the temporary work release program was not inconsistent with the safety of the community; that work release was in his best interest; and that it was likely that he would succeed in the temporary work release program.

As distinguished from Section 1904.2 in effect in March of 1994 which was the basis for the first cause of action, the recently enacted regulations governing the procedures for removal of inmates from temporary work release includes a more exhaustive and detailed list of procedural requirements. Specifically, Section 1904.2($l$) outlines the procedures as follows:

> When an inmate has not had a disciplinary hearing sustained, or the temporary release committee is reviewing an inmate's appropriateness for continued participation in a temporary release program, the temporary release committee

shall conduct a full hearing to ensure that the inmate has been afforded due process. The following procedures are to be followed:

(1) An inmate should be provided with a notice of specific reasons at least 24 hours prior to the temporary release committee meeting.

(2) The inmate may make a personal appearance before the temporary release committee.

(3) An electronic recording of the entire hearing shall be made.

(5) An opportunity for the inmate to call witnesses.

(6) An opportunity for the inmate to reply and produce evidence.

(7) A written statement setting forth the decision and the evidence relied on, following the superintendent's review of the temporary release committee's recommendation.

The complaint alleges that defendants Recore and Fischer (1) failed to allege the specific reasons for the meeting with the temporary work release committee; (2) improperly denied his request to call eight of his sixteen witnesses, and further to have four of them testify in person; (3) improperly denied his request to hear and reply to the testimony of Kevin Gaffney, the individual who was injured by the plaintiff in the course of the underlying offense; (4) failed to record portions of the hearing which included the testimony of several unknown witnesses who opposed the plaintiff's continued participation; and (5) improperly denied his request to offer letters as evidence of his appropriateness for continued participation in work release. In addition, the plaintiff asserts that the decision to remove him from temporary work release was unjust and unfounded as he had been a "model" inmate during both his regular incarceration and during the seventeen months he spent on work release; that he had an "exemplary institutional record;" and that this positive record indicates that he was not a risk to his fellow citizens.

With respect to the plaintiff's third cause of action, the Court finds that the defendants' qualified immunity defense is without merit. The boundaries of the plaintiff's liberty interest defined in § 1904.2(*l*) and 1904.2(*l*) were sufficiently clear and unambiguous as they applied to the plaintiff in February, 1997 so as to preclude a qualified immunity defense.

In compliance with Rule 12(b)(6), the court is required to accept the material allegations of the complaint as true and to deny any motion to dismiss where the plaintiff has asserted facts in support of his claim that would entitle him to relief. The defendants' alleged failure to afford the plaintiff the opportunity to present, reply, and access all evidence pertaining to the removal hearing states a clear violation of express guarantees of due process as outlined in Section 1904.2(*l*). In sum, the defendants are not entitled to qualified immunity as the applicable sections of the NYCRR as amended were clear and unambiguous when the plaintiff was removed from the temporary work release program in February, 1999. Accordingly, Recore and Fischer's motion to dismiss the plaintiff's third cause of action is denied.

## C. *Allegations of Individual Involvement by the Commissioners*

■ In addition to the three separate causes of action against the defendants Recore and Fischer, the plaintiff's complaint alleges that the three former commissioners of the New York State Department of Correctional Services (Coughlin, Coombe, Goord) violated the plaintiff's civil rights as they directly participated in the three causes of action outlined above.

As the Court has dismissed the first and second causes of action, the Court will only examine Coughlin, Coombe, and Goord's alleged liability with respect to the third cause of action. With regard to that cause of action, the plaintiff's complaint alleges that:

99. Acting under color of State law and pursuant to official policy or custom, defendants Coughlin, Coombe, and Goord, and each of them, knowingly, recklessly or with deliberate indifference or callous disregard of the plaintiff's rights, failed to instruct, supervise, control and discipline on a continuing basis the defendants Fischer and Recore in their duties to comply with, abide by and obey the Correction Law of the State of New York and the regulations promulgated thereunder, and to refrain from depriving the plaintiff of his constitutional and statutory rights, privileges, and immunities.

100. Defendants Coughlin, Coombe, and Goord, each of them, had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the illegal acts committed by the defendants Fischer and Recore were about to be committed.

101. Defendants Coughlin, Coombe, and Goord, each of them, had the power to prevent or aid in preventing the commission of said illegal acts, or to correct and rectify same, could have done so by reasonable diligence, and knowingly, recklessly or with deliberate indifference and callous disregard of the plaintiff's rights failed or refused to do so.

102. Defendants Coughlin, Coombe, and Goord, each of them, directly or indirectly, under color of State Law, approved, ratified, covered up and encouraged the unlawful, deliberate, malicious, reckless and wanton conduct of the defendants Fischer and Recore heretofore described.

Defendants Coughlin, Coombe, and Goord move to dismiss this portion of the complaint as they submit that it fails to allege any individual involvement by the commissioners. In *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir.1997) the Second Circuit explained that:

A supervisory official is liable for constitutional violations if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

The allegations in the plaintiff's complaint, if true, sufficiently set forth that Coughlin, Coombe and Goord: (1) failed to remedy the violation after learning of it through a report or appeal; and (2) were grossly negligent in supervising subordinates who caused the violation. Therefore, the motion to dismiss by Coughlin, Coombe, and Goord is denied with respect to the February, 1997 decision and is granted with respect to the plaintiff's first and second cause of action.

### III. CONCLUSION

Having reviewed the parties' submissions and the reasons set forth above; it is hereby

**ORDERED**, that the motion to dismiss the plaintiff's first cause of action is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the plaintiff's second cause of action is **GRANTED**; and it is further

**ORDERED**, that the motion to dismiss the plaintiff's third cause of action is **DENIED**, and it is further

**ORDERED**, that the motion to dismiss as it relates to the defendants Coughlin, Coombe, and Goord is **GRANTED**, with respect to the first and second causes of action, and is **DENIED**, with respect to the third cause of action; and it is further

**ORDERED**, that as a result of the Court's dismissal of the first and second causes of action, prior to a pre-motion conference, the parties shall re-submit their Local Civil Rule 56.1 statements addressing only to the third cause of action.

**SO ORDERED.**