**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-7071**

PAUL SCINTO, SR.,

Plaintiff - Appellant,

versus

EDWARD GLENN PRESTON; RALPH MELTON, JR.; FRANK
POLUMBO; BRIAN LEMAY; ERIC WING; E&J
AUTOMOTIVE; THE CITY OF NEW BERN, NORTH
CAROLINA,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Malcolm J. Howard,
District Judge.  (CA-03-178-A)

Submitted:  February 15, 2006        Decided:  March 14, 2006

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

Paul Scinto, Sr., Appellant Pro Se. Gary Hamilton Clemmons,
CHESNUTT, CLEMMONS & THOMAS, PA, New Bern, North Carolina; Sarah
Lynne Ford, PARKER, POE, ADAMS & BERNSTEIN, LLP, Raleigh, North
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Scinto, Sr., appeals from the dismissal of his 42 U.S.C. § 1983 (2000) suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2) (2000). On appeal, he pursues the following claims: (1) Defendants[1] were deliberately indifferent to his serious medical needs, (2) Defendants conspired to falsely arrest and prosecute him, (3) Defendant Glenn Preston lied at Scinto's suppression hearing, (4) Defendants improperly seized and searched his car, (5) Defendants stole property from his car, (6) Defendants exceeded their jurisdiction when they searched his residence, and (7) the frivolity review procedure of § 1915(e)(2) is unconstitutional. We have reviewed the record and find no reversible error in the district court's dismissal of claims (3) through (7). Accordingly, we affirm the dismissal of those claims for the reasons stated by the district court. See Scinto v. Preston, No. CA-03-178-A (E.D.N.C. Apr. 14 & May 26, 2005). With regard to claims (1) and (2), for the reasons stated below, we vacate the district court's dismissal and remand for further proceedings.

Scinto claims that he was twice arrested and, while in custody, he was denied access to insulin, even after informing the officers that he was an insulin-dependent diabetic. He does not

---

[1]There are numerous Defendants, and each claim does not necessarily implicate each Defendant.

- 2 -

detail how long he was in custody. He also contends that, once he was released, Defendants prevented him from recovering his insulin from his car. In addition, he claims that the Sheriff's Department eventually had to take him to the hospital and that he suffered permanent damage. The district court dismissed this claim finding (1) the damage was done while Scinto was not in custody and (2) Scinto cannot recover for injuries he suffered when he was not incarcerated.

Pretrial detainees complaining of inadequate medical care proceed under the Fourteenth Amendment, rather than the Eighth Amendment. "[T]he Supreme Court has . . . [observed] . . . that the Fourteenth Amendment rights of pre-trial detainees 'are at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Patten v. Nichols, 274 F.3d 829, 834 (4th Cir. 2001). To prevail on an Eighth Amendment claim of inadequate medical care, an inmate must allege acts or omissions sufficiently harmful to constitute deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). First, he must objectively show that the deprivation suffered or the injury inflicted was sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Then, he must show that the defendant acted with deliberate indifference to his serious medical need. Id. A constitutional violation may occur when the government does not respond to the legitimate medical needs of a detainee whom it has

reason to believe is a diabetic. <u>Lolli v. County of Orange</u>, 351 F.3d 410, 420 (9th Cir. 2003) (citing cases).

Here, while there is a lack of clarity as to how long Scinto was in custody and what portion of his injury was caused during his incarceration, Scinto clearly alleges that (1) he was denied needed medical treatment during his detention, (2) Defendants were aware of his condition but intentionally ignored him, and (3) he suffered permanent damage, at least in part during his detention. Thus, the district court incorrectly concluded that Scinto could prove no set of facts in support of his claim which would entitle him to relief. If Scinto can prove that Defendants' failure to reasonably treat his diabetes while in custody caused his injuries or exposed him to unnecessary pain and suffering, he would be entitled to relief. Thus, we vacate the district court's order dismissing this claim as frivolous and for failure to state a claim and remand for further proceedings.

Next, Scinto alleges that Defendants conspired to cause his illegal arrest and detention by falsely accusing him of trespass. He further alleges that Preston falsely accused him of making threats against Preston and his family, resulting in another arrest and detention. As support for his claims that the charges were false, Scinto points out that, despite stating that a tape recording of the threats existed, Defendants failed to produce the tape recording and did not show up in court. In addition, Scinto

- 4 -

provides an affidavit from the owner of the business where he was allegedly trespassing, stating that Scinto had permission to be there.  All state charges were eventually dismissed.

While conclusory allegations of conspiracy do not state a claim for relief under § 1983, see Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984), when a court reviews the sufficiency of a complaint, the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (motion to dismiss).  Thus, even where the face of the pleadings tends to show that recovery would be very remote and unlikely, a complaint cannot be dismissed unless there is no set of facts in support of the claim which would entitle the plaintiff to relief. Id.

Scinto's assertions that the police and other defendants conspired to unlawfully imprison him on false charges state a claim.  Further, we find that Scinto's allegations are more than merely conclusory, because he offers evidence of the falsity of the charges and contends that Defendants failed to properly prosecute him and that all charges against him were dismissed.  Accordingly, it was error to dismiss Scinto's complaint without affording him the opportunity to prove his claims.  See Weisman v. LeLandais, 532 F.2d 308, 310-11 (2d Cir. 1976) (reversing dismissal of complaint

alleging conspiracy to falsely imprison between officers and private parties).

Thus, we vacate the portions of the district court's order dismissing Scinto's claims of deliberate indifference and conspiracy and remand for further proceedings. We affirm the remainder of the court's order.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>

---

[2]In addition, we affirm the dismissal of E&J Automotive as a Defendant.

- 6 -