**NEWMAN & SCHWARTZ,**
**Plaintiff–Appellant,**

**v.**

**ASPLUNDH TREE EXPERT CO.,**
**INC., Defendant–Appellee.**

No. 477, Docket 96–7405.

United States Court of Appeals,
Second Circuit.

Argued Oct. 10, 1996.

Decided Dec. 17, 1996.

Paul A. Batista, New York City, for Plaintiff–Appellant.

Walter P. Loughlin, New York City (Latham & Watkins, of counsel), for Defendant–Appellee.

Before OAKES, CARDAMONE and MAHONEY,* Circuit Judges.

OAKES, Senior Circuit Judge:

Plaintiff–Appellant Newman & Schwartz appeals from dismissal of its complaint on defendant's Fed.R.Civ.P. 12(b)(6) motion. The judgment, dated March 14, 1996, and entered in the United States District Court for the Southern District of New York, Deborah A. Batts, *Judge,* found that plaintiff had failed to state a claim upon which relief could

be granted, and dismissed its complaint. *See Newman & Schwartz v. Asplundh Tree Expert Co.,* 917 F.Supp. 265 (S.D.N.Y.1996). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.

I

Facts

Plaintiff–Appellant Newman & Schwartz ("N & S"), a New York law firm, filed this action against Defendant–Appellee Asplundh Tree Expert Co. ("Asplundh") on February 7, 1995. The complaint sought to recover legal fees which N & S allegedly earned representing Robert E. Bates ("Bates"), a corporate executive of Vanguard Meters Service, Inc. ("Vanguard"), who was named as a defendant in a criminal indictment in the Supreme Court of the State of New York. N & S contended that Asplundh had guaranteed the obligation of Vanguard, its wholly owned corporate subsidiary, to pay Bates's legal fees in the criminal litigation.

On April 24, 1995, Asplundh gave notice that it would move for an order under Fed. R.Civ.P. 12(b)(6) to dismiss N & S's complaint for failure to state a claim on which relief could be granted. The motion was supported by an evidentiary affirmation ("Affirmation") of an Asplundh executive, Phillip E. Tatoian, Jr., and Asplundh's legal memorandum in support of the motion. The Affirmation was 16 paragraphs and attached several exhibits, including copies of correspondence to which no reference had been made in the complaint. The Affirmation detailed information including Asplundh's account of its purchase of Vanguard and Bates's alleged activities at Vanguard, and made mention of an attorney who allegedly represented Bates in the criminal investigation.

On or about June 8, 1995, N & S opposed the motion to dismiss. Asplundh's reply papers were served and filed on or about June 29, 1995, and the dismissal motion was sub-

* The Honorable J. Daniel Mahoney, who was a member of the panel, died on October 23, 1996, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* Local Rule § 0.14(b).

mitted on that day to the district court, without oral argument.

On March 12, 1996, Judge Batts dismissed N & S's complaint in its entirety. Appellant filed timely notice of appeal on or about April 3, 1996. We review the district court's decision de novo. *Citibank, N.A. v. K–H Corp.*, 968 F.2d 1489, 1494 (2d Cir.1992).

## II

### Discussion

■ Appellant asserts that the district court committed error in explicitly considering and relying upon affirmations and other evidentiary materials outside of the complaint when granting defendant's motion to dismiss.[1] "In considering a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991). The court is further required to view all allegations raised in the complaint in the light most favorable to the non-moving party, here N & S, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989), and "must accept as true all the factual allegations in the complaint." *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).

■ In making its decision to grant Asplundh's 12(b)(6) motion, the district court explicitly relied upon material which was not in the pleadings, specifically the Affirmation and its attachments. For example, the opinion asserts that "[t]here is no evidence of an Asplundh reply to either communication," citing the Affirmation for that statement. Likewise, it cited the Affirmation for extra-complaint information when referring to Van-

guard's 1992 bankruptcy filing and N & S's alleged submission to Bankruptcy Court of a "claim for attorney's fees" from Vanguard. In short, the court improperly relied upon extra-complaint information in granting the motion to dismiss.

■ We find that Count One of N & S's complaint, which alleges breach of contract, is sufficiently supported by factual allegations as to withstand defendant's Rule 12(b)(6) motion. The complaint asserts Asplundh's purchase of Vanguard in 1990. It asserts the subsequent 1991 contract between Asplundh, Vanguard, and Bates ("Employment Agreement"), binding Asplundh to pay legal fees arising from Bates's criminal litigation. Although Asplundh argues that it is not a party to that agreement, the complaint asserts that the Agreement facially binds Asplundh by virtue of Jill Asplundh's execution in her capacity as Vice President of both Asplundh and Vanguard. The question of Asplundh's liability under this contract is a disputed issue which is not appropriately resolved on a 12(b)(6) motion. N & S has asserted facts which, when viewed in the light most favorable to it, could bind Asplundh to the contract.

■ Count One of the complaint further alleges N & S's status as a third-party beneficiary to the August 20, 1991, Employment Agreement. The complaint asserts that Bates retained N & S on November 6, 1991, to represent him in connection with the criminal indictment. It further asserts Bates's subsequent arraignment, and N & S's representation of him in that proceeding. Finally, the complaint asserts that N & S was due $494,419.97 in fees and disbursements for its criminal representation from December 4, 1991, through January 3, 1995.

■ Although Asplundh disputes that N & S was intended as a third party beneficiary of the Agreement, it is reasonable to assume

---

1. Because we agree with this argument, we do not address Appellant's other two claims of error, namely, 1) that the court incorrectly held as a matter of law that defendant's guarantee of a corporate subsidiary's contractual obligation to pay a corporate executive's "related benefits" did not include the legal fees incurred in the defense

of a criminal prosecution of the corporate executive; and 2) that the court improperly failed to address a decision of the Sixth Circuit which rejected defendant's interpretation of the contract. *See Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592 (6th Cir.1995).

that a provider of legal services is a third-party beneficiary of an agreement to pay for those services. A party need not necessarily be specifically mentioned in a contract to be considered a third-party beneficiary. *See* Restatement (Second) of Contracts, § 302(1) (1981); *In re Gulf Oil/Cities Service Tender Offer Litigation*, 725 F.Supp. 712, 733 (S.D.N.Y.1989). ("Although a third party need not be specifically mentioned in the contact before third-party beneficiary status is found, New York law requires that the parties' intent to benefit a third party must be shown on the face of the agreement.") (citing *Hylte Bruks Aktiebolag v. Babcock & Wilcox Co.*, 399 F.2d 289, 292 (2d Cir.1968); *New York State Energy Research & Dev. Authority v. Nuclear Fuel Serv.*, 561 F.Supp. 954, 979 (W.D.N.Y.1983); *Port Chester Electrical Constr. Corp. v. Atlas*, 40 N.Y.2d 652, 357 N.E.2d 983, 389 N.Y.S.2d 327 (1976)). The district court ought to have construed the facts and the law in favor of N & S for purposes of the motion to dismiss, both because pleadings are to be liberally construed and because, under the principle of *contra proferentum*, courts are to construe ambiguous contract terms against the drafter. *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir.1970). Instead, they were read against N & S. Although perhaps appropriate in the context of a Rule 56 motion for summary judgment, the court's actions constitute reversible error at the 12(b)(6) stage of litigation.

■ N & S's complaint states two additional counts against Asplundh. Count Two claims that N & S conferred upon Asplundh a benefit of favorable termination of criminal prosecution against Vanguard, Asplundh's wholly-owned subsidiary, and thus was entitled to compensation in quantum meruit. Count Three asserts that Asplundh was unjustly enriched by N & S's provision of legal services on its behalf and, thus, should pay under principles of equity. The district court held that, "because it is well-established that the mere receipt of benefits from legal services does not create an obligation to pay the value of those legal services," and because an express contract covered payment of Bates's legal fees, the quantum meruit claim should be dismissed. The court further held that Counts Two and Three ought to be treated as one claim for restitution, and therefore dismissed the unjust enrichment claim as well by virtue of its bad company.

■ Counts Two and Three for quantum meruit and unjust enrichment were quite properly subsumed by the district court into a single count for restitution, *Seiden Associates, Inc. v. ANC Holdings, Inc.*, 768 F.Supp. 89, 96 (S.D.N.Y.1991), *rev'd on other grounds*, 959 F.2d 425 (2d Cir.1992), and were properly pleaded as such in the alternative to the contractual claim of Count One, *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F.Supp. 234, 237 (S.D.N.Y.1992). Although it is questionable whether N & S would be entitled to the value of its services as opposed to the value of the benefit conferred in the absence of fraud, duress, or coercion, *see* Restatement of Restitution § 152 (1937), it would appear that under New York law as we recently examined it in *Grappo v. Alitalia Linee Aeree Italiane, S.p.A.*, 56 F.3d 427, 433 (2d Cir.1995), such an action may lie. We therefore reverse the 12(b)(6) dismissal of these counts as well.

### Conclusion

The district court improperly relied upon information outside of the four corners of N & S's complaint, and failed to read the allegations in Count One of the complaint in the light most favorable to N & S when granting Asplundh's Rule 12(b)(6) motion. The court further erred in holding that N & S was not, as a matter of law, entitled to recovery as restitution. It therefore improperly dismissed both Counts Two and Three, although it was correct to consolidate those claims. Because we find that the complaint states a claim upon which relief may be granted, we reverse the grant of Asplundh's motion to dismiss and remand for further proceedings.