Stephen DRAGO, Individually and as acting Chair and President of "Neighborhoods Against Cell Towers," Plaintiff,

v.

John S. GARMENT, Chairman, and Stephen A. Alexander, John E. Durante, Casimiro V. Cibelli, Arnold Bernstein, Michael F. Quinn, and John J. Ioris, as Members of the Planning Board of the City of White Plains; The City of White Plains, New York, and MetroPCS New York, LLC, Defendants.

No. 08 Civ. 6356(SCR).

United States District Court, S.D. New York.

March 2, 2010.

Whitney North Seymour, NY, NY, for Plaintiff.

Arthur George Gutekunst, City of White Plains, Brian Patrick Galligan, Cuddy & Feder, LLP, White Plains, NY, for Defendants.

## OPINION AND ORDER

STEPHEN C. ROBINSON, District Judge:

The Plaintiff in this case, Stephen Drago, has brought as action pursuant to 28 U.S.C. § 2201 for declaratory judgment, and the Federal Telecommunications Act ("TCA"), 47 U.S.C. § 332(c)(7)(B)(v) to cancel and enjoin the Special Permits granted by the Planning Board of the City of White Plains to MetroPCS New York, LLC to erect wireless cell antennas at 30 Lake Avenue and 90 Bryant Avenue in White Plains, New York. Defendants have made a motion to dismiss on the basis that Plaintiff lacks standing to assert his claim because the TCA does not grant a private right of action to Plaintiff or other similarly situated parties.

■ The Court agrees with Defendant that a careful reading of the statute and the clearly stated legislative intention behind TCA does not support a private right of action to persons adversely affected by a local zoning board's decision to allow the construction of a wireless cell antenna.

## I. Background

On February 28, 2008, MetroPCS filed an application for Special Permit and Site Plan approvals from the White Plains Planning Board to construct new cell antennas on the rooftops of 30 Lake Avenue and 90 Bryant Avenue, in White Plains. Compl. at ¶ 12. On April 15, 2008, Plaintiff and fifty members of Neighborhoods Against Cell Towers ("N–ACT") appeared at a public hearing to object to the proposed antenna installation. Compl. at ¶ 16. Plaintiff also submitted evidence in opposition to the Special Permit, consisting of scientific studies from various countries on adverse environmental and health effects of non-thermal wireless emissions. Compl. at ¶ 17.

A number of other hearings occurred between April and June 2008, during which Plaintiff continued to submit evidence and give testimony on the harmful effects of the proposed antennas. Compl. at ¶ 18–26. Nevertheless, on June 17, 2008, the Planning Board approved the requested Special Permits and Site Plans. Compl. at ¶ 27. Plaintiff filed this action on July 15, 2008. Compl. at ¶ 4. Plaintiff asserts that he has standing under § 332(c)(7)(B)(v) of the TCA because he is a person "adversely affected by [a] final action ... inconsistent with ... subparagraph [B]." See Compl. at ¶ 28–29.

## II. Legal Standard for Dismissal under Rule 12(b)(6)

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its fact," *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In evaluating a motion to dismiss, a court must "view all allegations raised in the complaint in the light most favorable to the non-moving party ... and 'must accept as true all factual allegations in the complaint.'" *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.,* 102 F.3d 660, 662 (2d Cir.1996) (quoting *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)) (citation omitted).

The Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Gold-*

*man v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985). Because the complaint must allege facts which confer a cognizable right of action, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *York v. Association of the Bar of City of New York,* 286 F.3d 122, 125 (2d Cir.2002) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 129 S.Ct. at 1950.

### III. Discussion

#### a. The Telecommunications Act, 47 U.S.C. § 332(c)(7)

The TCA is an omnibus act to reform federal regulation of communication companies to promote greater competition amongst providers and improve consumer access to services. Telecommunications Act of 1996, Pub.L. 104–104, 110 Stat. 56 (Feb. 8, 1996) (codified 47 U.S.C. 151 et seq.); *see also Cellular Telephone Co. v. Town of Oyster Bay,* 166 F.3d 490, 492–93 (2d Cir.1999). According to the Congressional Conference Committee, the TCA was intended "to provide for a pro-competitive, deregulatory national policy framework to accelerate rapidly private sector deployment of advanced telecommunications and information technologies." *See Cellular Telephone Co.,* 166 F.3d at 492–93 (2d Cir.1999) (quoting H.R. Conf. Rep. No. 104–458, at 206 (1996), reprinted in 1996 U.S.C.C.A.N. 124, 124). One way Congress wanted to encourage the rapid expansive of telecommunication services was to reduce the impediments imposed by local governments on the installation of facilities for wireless service. *See City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 115, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005). Therefore, Congress added § 332(c)(7) to impose some limits on state and local government authority to regulate the location, construction, and modification of such facilities. *Id.* To enforce these limitations, Congress created a right of action to "persons adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent" with the limitations set out in § 332(c)(7)(B)(i)-(iv). 47 U.S.C. § 332(c)(7)(B)(v).

Plaintiff relies on that federal right of action to bring this action, alleging that he is a "person adversely affected" by the Planning Board's grant of the Special Permits. Defendants object that Plaintiff lacks standing under TCA and therefore this Court must dismiss the action. The right to bring an action in federal court Plaintiff relies on must be read in relation to the rest of the section of the TCA concerning the "Preservation of local zoning authority:"

(A) General authority

Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.

(B) Limitations

(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof—

(I) shall not unreasonably discriminate among providers of functionally equivalent services; and

(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

(ii) A State or local government or instrumentality thereof shall act on any

request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.

(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

(iv) No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions.

(v) Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief.

47 U.S.C. § 332(c)(7).

 To find the existence of a statutory cause of action, the Court must engage in statutory construction. *See Touche Ross & Co. v. Redington*, 442 U.S. 560, 568, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). The starting point for the Court is the "language employed by Congress"

since the Court assumes "that the legislative purpose is expressed by the ordinary meaning of the words used." *Amer. Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982) (citations omitted). Unless the language is ambiguous, the Court will consider the statute's plain language as dispositive on the question of an explicit right of action. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The Court will also take into account Congress's intentions and the stated purpose of the TCA to determine if it created an implicit right of action under which Plaintiff has standing to bring his suit.

**b. No explicit private right of action**

As is apparent in the context of the whole section, the plain meaning of § 332(c)(7)(B)(v) limits the right to bring a federal claim to persons affected by a narrow set of actions by a state or local planning board. The Court notes that the statute expressly allows a person to sue if they are affected by "any final action or failure to act by a State or local government or any instrumentality thereof that is *inconsistent with this subparagraph*." 47 U.S.C. § 332(c)(7)(B)(v) (emphasis added). It follows that the only kinds of final actions that give rise to a federal cause of action under this subparagraph are those that:

(1) unreasonably discriminate against a provider of functionally equivalent services;

(2) prohibit or have the effect of prohibiting the provision of personal wireless service;

(3) are not taken within a reasonable time of the request for authorization to place, construct, or modify personal wireless service facilities;

(4) deny a request to place, construct, or modify personal wireless service facilities without substantial evidence or without putting the decision in writing; or

(5) regulate the placement, construction, or modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions that otherwise comply with the Federal Communication Commission's emissions regulations.

There is no language in the section to allow someone to bring an action in federal court for adverse affects flowing from the *granting* of a request to construct personal wireless service facilities. Plaintiff's Complaint rests on the Planning Board's decision to *grant* MetroPCS's Special Permit applications. Plaintiff does not allege that there was any discrimination against MetroPCS, any prohibition on the provision of wireless service, any undue delay in addressing MetroPCS's requests, any denial of a request, or any overreaching regulation on the basis of environmental effects of emissions. Therefore, Plaintiff has no explicit right of action under § 332(c)(7)(B)(v).

**c. No implicit private right of action**

The Supreme Court in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), provided a four-factor test to determine whether a federal statute creates an implied right of action, including (1) whether the statute was enacted to benefit a special class; (2) whether the drafters intended to create a private right of action; (3) whether a private right of action would be consistent with the purposes of the statute; and (4) whether the cause of action is one not traditionally relegated to the states. Subsequently, the Supreme Court instructed that congressional intent is actually the critical inquiry, since the

other factors are essentially proxies for congressional intent. *Touche Ross,* 442 U.S. at 575–76, 99 S.Ct. 2479; *Conboy v. AT & T Corp.,* 241 F.3d 242, 252 (2d Cir.2001). Therefore, to find an implied private right of action in the TCA, the Court will consider whether there is any evidence that Congress intended to create an implied right of action.

The burden of proving legislative intent rests with the Plaintiff. *Conboy v. AT & T Corp.,* 241 F.3d 242, 242 (2d Cir.2001). Plaintiff fails to satisfy this burden in his opposition to the Defendants' motion to dismiss. He does not point to any legislative history or language in the statute that would lead the Court to believe that Congress intended to create a cause of action for private citizens who allege that they are adversely affected by a decision to allow the construction of a wireless antenna. Furthermore, the Court finds the Defendants' argument persuasive that this type of cause of action would be in direct contradiction to Congress's intentions.

As stated in the law's preamble, Congress's express purpose in enacting the TCA was to "promote competition and reduce regulation in order to secure lower prices and higher quality services for American ... consumers and encourage the rapid deployment of new telecommunications technologies." Telecommunications Act of 1996, Pub.L. 104–104, 110 Stat. 56 (Feb. 8, 1996) (codified 47 U.S.C. 151 et seq.). As discussed above, part of Congress's efforts included removing obstacles to the construction of new wireless service facilities by limiting the regulatory authority of state and local governments. 47 U.S.C. § 332(c)(7).

In the Court's view, the federal cause of action in § 332(c)(7)of the TCA serves as an enforcement mechanism—a tool for providers whose requests are denied without good reason or are left to languish

before local planning boards, or parties who are adversely affected when local planning boards frustrate the growth of access to wireless services. It would defeat the purpose of the TCA if the cause of action could also be used to challenge local planning boards' decisions to grant construction of new facilities. The proliferation of federal litigation to challenge approvals would slow the deployment of wireless services.

The other purpose of the TCA was to eliminate the "inconsistent and, at times, conflicting patchwork" of local regulations while still preserving state and local authority over zoning. *City of Rancho Palos Verdes*, 544 U.S. at 127–28, 125 S.Ct. 1453 (J. Breyer, concurring); *see also Sprint Spectrum L.P. v. Willoth*, 176 F.3d 630, 639 (2d Cir.1999). Construing the right of action in § 332(c)(7) as Plaintiff proposes would infringe upon state and local control over zoning matters by converting suits that should happen in state court into federal actions. *See* Article 78, N.Y. Civ. Prac. L. R (governing challenges to New York state and local instrumentalities).

Only one other court within the Second Circuit has spoken directly on this issue and its analysis reaches the same conclusion as this Court. In *Mason v. O'Brien*, the Northern District of New York agreed that neither the plain language of the statute nor Congress's clear intentions conferred a private right of action for parties aggrieved by local planning board approval of plans to construct new telecommunication service facilities. *Mason v. O'Brien*, 2002 WL 31972190, at *5 (N.D.N.Y. Sept. 30, 2002). The Court recognizes that the Second Circuit has not yet addressed this

question, but finds that the language of the statute can be read no other way. Thus, the Court dismisses Plaintiff's action on the grounds that he lacks standing to bring a suit under the TCA.[1]

### d. Declaratory judgment is not grounds for federal court jurisdiction in this case

■ The Plaintiff also claims jurisdiction to bring this action in federal court under the Declaratory Judgment Act, which provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. It is well established that declaratory relief by itself cannot confer subject matter jurisdiction on a federal court. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (holding that the Declaratory Judgment Act is procedural only and does not extend the jurisdiction of federal courts); *Field v. U.S.*, 340 F.Supp. 175, 177 (S.D.N.Y.1972). Without a federal question to serve as the basis of the action, a claim for declaratory relief on its own is not sufficient to bring the action to federal court. In this case, the Court has already found that Plaintiff has no standing to sue in federal court under the TCA and there is no other federal question alleged. Therefore, as there is no other ground for the Court to find subject matter jurisdiction over this action, the Court must also dismiss Plaintiffs claim for declaratory relief.

---

1. The Court reserves the question of whether this conclusion necessarily means that only *wireless providers* denied approval by local planning boards have the right to sue under the TCA. The Court acknowledges that other persons may be adversely affected by local planning boards who act inconsistently with § 332(c)(7) who are not wireless providers, e.g. residents of a locality who are denied wireless coverage because of a denial, and the Court is not prepared to foreclose their standing at this time.

### IV. Conclusion

The Court finds that Plaintiff lacks standing under the TCA to sue Defendants in federal court and therefore dismisses the action. The Court also finds that Plaintiffs claim for declaratory relief must be dismissed for lack of subject matter jurisdiction. The Clerk of the Court is directed to term Docket no. 3.

It is So Ordered.