Gundlach v. International Business Machines Inc., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> PETER W. HALL,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

Frederick W. Gundlach,

> *Plaintiff-Appellant*,

> v.                                                            13-4457

International Business Machines Inc., IBM Japan Ltd., Cognos K.K., John Doe or Jane Does, Kuniya Tsubota,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:          Frederick W. Gundlach, Esq., pro se, Denver, PA.

FOR DEFENDANTS-APPELLEES:         Allan Scott Bloom, Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Frederick Gundlach appeals from the district court's dismissal of his complaint against IBM Japan Ltd. ("IBM Japan"), Cognos, K.K. ("Cognos"), which was acquired by IBM Japan, International Business Machines Inc. ("IBM USA"), and John or Jane Does, alleging, *inter alia*, employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000e, *et seq*. In two separate opinions issued on May 1, 2012, and November 21, 2013, the district court held that (1) it lacked personal jurisdiction over IBM Japan, (2) Gundlach failed to state a claim against John and Jane Does, later identified as Kuniya Tsubota, for tortious interference with contractual relations, and (3) Gundlach failed to state a claim for employment discrimination under Title VII against IBM USA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). *See Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005). The plaintiff bears the burden of demonstrating that personal jurisdiction exists, *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994), and where, as here, the parties have conducted discovery regarding the defendant's contacts with the forum state, "the plaintiff's prima facie showing . . . must include an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant," *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d

2

Cir. 1999) (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). We also review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Rothstein v. UBS AG*, 708 F.3d 82, 90 (2d Cir. 2013).

First, for the reasons stated in its well-reasoned opinion, the district court properly dismissed the Title VII claims against IBM Japan for lack of personal jurisdiction. Gundlach failed to satisfy his burden to show either that IBM Japan engaged in "continuous, permanent and substantial activity in New York," *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal quotation marks omitted), or that IBM Japan was a "mere department" of a local corporation, *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984) (internal quotation marks omitted).

Second, for the reasons stated in its opinion, the district court properly dismissed the tortious interference claim against John and Jane Does, later identified as Kuniya Tsubota, for failure to state a claim. Gundlach's allegation that Tsubota did nothing to ensure that Gundlach's contract with Cognos would not be breached failed to plausibly show, as required by New York law, that "the 'defendant[] intentional[ly] procure[d] . . . the third party's breach of the contract.'" *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1375 (N.Y. 1996)).

Finally, we affirm the district court's dismissal of the complaint as to IBM USA, but on alternate grounds. Under 42 U.S.C. § 2000e-1(c)(2), prohibitions against unlawful employment practices in "Section[] 2000e-2 . . . shall not apply with respect to the foreign operations of an

3

employer that is a foreign person not controlled by an American employer." Control is determined by considering the following factors: common ownership or financial control, 42 U.S.C. § 2000e-1(c)(3)(D); common management, § 2000e-1(c)(3)(B); interrelation of operations, § 2000e-1(c)(3)(A); and centralized control of labor relations, § 2000e-1(c)(3)(C). In its personal jurisdiction analysis, the district court correctly made the following factual findings: first, although the parties do not dispute the fact of common ownership, with respect to financial control, IBM Japan is financially solvent, does not rely on IBM USA for financial support, purchases and finances its own inventory, earns significant annual profits from its own sales in Japan, maintains its own bank accounts, borrows from Japanese banks without having the loans guaranteed by IBM USA, and receives no zero-interest or below-market interest loans from IBM USA. Second, with respect to corporate formalities and common management, IBM Japan has its own officers and executives separate from IBM USA (in fact, IBM Japan and IBM USA share no officers), maintains its own Board of Directors, which holds regular meetings at which minutes are taken and decisions regarding IBM Japan are discussed and voted on, and maintains its own corporate records, general ledger, and corporate governance policies. Third, with respect to interrelation of operations, IBM Japan sets its own prices, develops its own strategy for marketing, and sells through its own distribution network. Based on these facts,[1] this Court finds

---

[1] Although a Rule 12(b)(6) motion ordinarily precludes fact-finding outside the contours of what is incorporated by reference in the complaint, *see Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996), a district court may convert such a motion to a summary judgment motion if it gives the parties notice and opportunity to submit evidence, *Kopec v. Coughlin*, 922 F.2d 152, 154-56 (2d Cir. 1991). Here, because fact-finding on the issue of IBM USA's control over IBM Japan has already taken place in the context of the district's court's personal jurisdiction analysis, and further, because fact-finding in the personal jurisdiction context placed the burden of persuasion on the plaintiff, who therefore had every incentive and opportunity to produce relevant evidence as to IBM

4

that IBM Japan is a foreign person not "controlled" by IBM USA, under 42 U.S.C. § 2000e-1(c)(2)'s exemption to Title VII, and thus affirms the district court's dismissal of the complaint as to IBM USA.

We have considered all of the plaintiff-appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the decision of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

USA's control over IBM Japan, the purpose of the notice requirement has been fully satisfied. Thus, we see no difficulty in relying on these already-established facts.