**Bill MIHALITSAS, Plaintiff,**

v.

**Kenneth E. HOWARD, Individually, and in his capacity as a New York State Police Officer, and "FNU" Dougherty, Individually, and in his capacity as a New York State Police Officer, Defendants.**

No. 6:14–CV–06082 EAW.

United States District Court, W.D. New York.

Signed May 1, 2015.

Jon P. Getz, Muldoon and Getz, Rochester, NY, for Plaintiff.

Gary M. Levine, New York State Office of the Attorney General, Rochester, NY, for Defendants.

ELIZABETH A. WOLFORD, District Judge.

## INTRODUCTION

Plaintiff Bill Mihalitsas ("Plaintiff") brings this action against Defendants Kenneth Howard ("Defendant Howard") and "FNU" Dougherty ("Defendant Dougherty") pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that Defendants violated his civil rights following his arrest on a vehicle and traffic violation on February 23, 2013. (Dkt. 1). On August 6, 2014, Defendants moved for partial dismissal of Plaintiff's claims under Fed.R.Civ.P. 12(b)(6). (Dkt. 3). For the following reasons, Defendants' motion is granted, except Plaintiff's § 1983 claim against Defendant Dougherty is dismissed without prejudice, and Plaintiff may file a motion within twenty (20) days for leave to amend his complaint to attempt to correct the deficiencies concerning that claim.

## FACTUAL BACKGROUND

The following factual background is based upon the allegations contained in Plaintiff's complaint.

On February 23, 2013, Defendant Howard, a New York State Trooper, issued Plaintiff a ticket for speeding in violation of New York State Traffic Law § 1180(d) while traveling eastbound on the New York State Thruway. (Dkt. 1 at ¶ 6). After Plaintiff was issued the ticket and Defendant Howard was returning to his patrol vehicle, Plaintiff stated: "you gave me a ticket for going 77 in a 65, you're a piece of shit." (Id. at ¶ 7). Plaintiff claims that he did not leave his vehicle, throw his ticket, or make any further statements to

Defendant Howard. (*Id.*). Following this statement, Defendant Howard ordered Plaintiff to step out of his vehicle and told Plaintiff that he was under arrest. (*Id.* at ¶ 8). Plaintiff alleges that Defendant Howard refused to tell him why he was being arrested. (*Id.* at ¶ 9). Plaintiff was only charged with the vehicle and traffic violation. (*Id.* at ¶ 10). Plaintiff's vehicle was towed to a toll booth in Batavia, New York. (*Id.* at ¶ 17).

According to Plaintiff, Defendant Howard "made numerous statements that were threatening in nature, including stating that he would make plaintiff exit the vehicle as well as he[ ](Howard), in essence, hoped plaintiff would not come out of the vehicle." (*Id.* at ¶ 11). Plaintiff alleges that he "fear[ed] for his safety," and as a result called 911 and recorded the actions of Defendant Howard on his cellular phone. (*Id.* at ¶¶ 13–14).

Defendant Howard transported Plaintiff to the police barracks in Cheektowaga, New York. (*Id.* at ¶ 15). During this transport, Plaintiff was handcuffed behind his back. (*Id.*). Plaintiff claims that the handcuffs were too tight and were injuring him, and that Defendant Howard disregarded his requests to change the setting on the handcuffs. (*Id.* at ¶ 16).

Plaintiff alleges that he was detained at the barracks. (*Id.* at ¶ 18). Plaintiff claims that he was searched but denied the opportunity to meet with a magistrate judge and was not arraigned following his arrest. (*Id.* at ¶¶ 18–20). According to Plaintiff, one of the defendants "sieged[sic] Plaintiff's wallet, seized $100 and stated this would be 'bail.'" (*Id.* at ¶ 19).

Plaintiff claims that he entered a plea of "Not Guilty" on the vehicle and traffic charge. (*Id.* at ¶ 21). Plaintiff was tried for the vehicle and traffic charge on June 16, 2013. (*Id.* at ¶ 22). During the trial, Defendant Howard testified that Plaintiff threw the traffic ticket at him, stated that he was a "piece of shit," and called him a "nigger." (*Id.*). Defendant Howard testified that he believed Plaintiff "would not appear to court" because of his actions. (*Id.* at ¶ 23). Plaintiff alleges that these statements were not included in the cellular recording that he made during the arrest, and that "Plaintiff has no history of failing to appear in Court for any proceeding." (*Id.* at ¶¶ 23–24). Plaintiff claims that the video recording shows that Defendant Howard returned to his vehicle following the issuance of the ticket, and that Plaintiff never crumbled or threw the traffic ticket, nor did he call Defendant Howard a "nigger." (*Id.* at ¶ 25). Plaintiff alleges that Defendant Howard made these statements to the magistrate judge in Stafford Town Court "in order to prejudice the Court against the plaintiff." (*Id.* at ¶ 26). Plaintiff was found guilty of the speeding violation and was charged a fine of $200 as well as an $85 surcharge. (*Id.* at ¶ 27).

### PROCEDURAL BACKGROUND

Plaintiff filed his complaint with this Court on February 20, 2014. (Dkt. 1). Plaintiff claims that Defendants violated his civil rights under 42 U.S.C. § 1983 by "subjecting him to an unreasonable seizure, denying him due process, [and] denying him due process under the law of the United States." (*Id.* at ¶ 30). Plaintiff also claims that Defendants violated his civil rights under 42 U.S.C. § 1985 by conspiring to deprive Plaintiff of his Constitutional rights by "subjecting him to an unreasonable seizure, denying him due process, subjecting him [to] humiliation, denying him the assistance of counsel and denying him due process under the laws of the United States." (*Id.* at ¶ 34). Plaintiff alleges that as a result of these violations he has suffered "physical injuries, pain,

suffering and severe psychological distress, trauma, nervousness, panic attacks, anxiety, embarrassment and humiliation." (*Id.* at ¶¶ 31, 35).

On August 6, 2014, Defendants moved for partial dismissal of Plaintiffs claims. (Dkt. 3). Plaintiff filed his response papers on September 11, 2014. (Dkt. 5). This case was transferred to the undersigned on March 20, 2015. (Dkt. 10).

### *DISCUSSION*

### I.  Standard of Review

▆▆▆ " 'In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.' " *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991)).[1] A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiffs favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir.2008) (internal quotations and citation omitted). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir.2009) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

▆▆▆ "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (internal quotations and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008) (alteration in original) (internal quotations and citations omitted).

### II.  Plaintiff's Claims Against Defendants in Their Official Capacities are Dismissed with Prejudice

▆▆▆ Plaintiff has alleged that Defendants should be held liable in both their individual and official capacities for alleged violations of 42 U.S.C. §§ 1983 and 1985. (Dkt. 1 at ¶¶ 30, 34). Defendants ask the Court to dismiss the official capacity claims against both Defendants because the claims are barred by the Eleventh Amendment. (Dkt. 3–1 at 2). Plaintiff suggests that he should be able to pursue claims against Defendants in their individual and official capacities because Defendants were "acting individually and under the color of state law." (Dkt. 5 at 4).

▆▆▆ Plaintiff's official capacity claims are plainly barred by the Eleventh Amendment. Defendants are both members of the New York State Police. (Dkt.

---

1. Plaintiff has attached to his response papers his own affidavit as well as two photographs allegedly depicting injuries sustained as a result of the underlying events. (Dkt. 7; Dkt. 7–1). In assessing the motion to dismiss, it is not appropriate to consider these documents, as they were not attached to the complaint as exhibits nor were they incorporated in the complaint by reference.

1 at ¶¶ 2–4). "Claims against state employees in their official capacity are deemed claims against the state itself, and are barred by the Eleventh Amendment." *Coleman v. Beale*, 636 F.Supp.2d 207, 212 (W.D.N.Y.2009); *see Gianni v. Kopp*, No. 1:11–cv–498 (GLS/DRH), 2011 WL 5080195, at *2 (N.D.N.Y. Oct. 26, 2011) (dismissing claims against New York State Troopers in their official capacities). *See also Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ("This bar exists whether the relief sought is legal or equitable.").

Accordingly, Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice.

### III. Plaintiffs Conspiracy Claim is Dismissed with Prejudice

■ Plaintiff claims that Defendants "conspired" to deprive him of his constitutional rights by "subjecting him to an unreasonable seizure, denying him due process, subjecting him [to] humiliation, denying him the assistance of counsel and denying him due process under the laws of the United States." (Dkt. 1 at ¶ 34). Defendants argue that Plaintiff's conspiracy claim should be dismissed as Plaintiff has failed to allege a "meeting of the minds" between Defendants or alleged that the actions of Defendants were motivated by discriminatory animus. (Dkt. 3–1 at 5). In response, Plaintiff only argues that "[t]he conspiracy cause of action between Dougherty and Howard should be allowed to continue at this stage of the litigation." (Dkt. 5 at 5–6). Plaintiff claims that "the standard has been met demonstrating a meeting of the minds between these two Defendants by way of their actions during the incident." (*Id.* at 6).

■ "In order to maintain an action under Section 1985, a plaintiff must prove some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110–11 (2d Cir.2003), *cert. denied*, 540 U.S. 1110, 124 S.Ct. 1077, 157 L.Ed.2d 897 (2004). " 'To survive a motion to dismiss, plaintiff must include some facts in his complaint tending to show that defendants acted in a willful manner, culminating in an agreement, understanding or meeting of the minds, that violated his rights, privileges, or immunities secured by the Constitution or federal courts.' " *Keitt v. Schun*, No. 11–CV–438, 2014 WL 347053, at *4 (W.D.N.Y. Jan. 30, 2014) (quoting *McLaurin v. New Rochelle Police Officers*, 368 F.Supp.2d 289, 295 (S.D.N.Y. 2005)).

■ "In a conspiracy claim under section 1985, the plaintiff must prove not only that a conspiracy existed, but also that the conspiracy was motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Richardson v. N.Y.C. Health & Hosps. Corp.*, No. 05 Civ. 6278(RJS), 2009 WL 804096, at *18 (S.D.N.Y. Mar. 25, 2009) (quotations omitted); *see also Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir.2014) (noting a § 1985 conspiracy claim requires an "invidiously discriminatory animus" behind the defendants' actions). "In other words, a Section 1985 conspiracy differs from a Section 1983 conspiracy in that the plaintiff must also provide evidence that Defendants acted in concert with a racial or discriminatory animus." *Manbeck v. Micka*, 640 F.Supp.2d 351, 382 (S.D.N.Y. 2009).

Here, Plaintiff has alleged no facts to imply that Defendants had reached an agreement to violate his civil rights. Further, Plaintiff has not alleged that Defendants acted with any intent to discriminate

against him based on a racial, class-based, or otherwise invidious discriminatory animus. *See Doe v. Selsky,* 973 F.Supp.2d 300, 305 (W.D.N.Y.2013) ("Plaintiff has alleged that defendants violated his constitutional rights, and has then simply tacked on a conclusory allegation that those violations were committed pursuant to a conspiracy. Conspiracy allegations couched in such generic and conclusory terms are insufficient to make out a § 1985 claim.").

As a result, Plaintiff's conspiracy claim under 42 U.S.C. § 1985 is dismissed with prejudice.

## IV. Plaintiff's § 1983 Claim Against Defendant Dougherty is Dismissed Without Prejudice

■ Plaintiff names Defendant Dougherty only once in his complaint, and that is to allege: "[u]pon information and belief, Defendant 'FNU' Dougherty was acting in a supervisory capacity over defendant Howard." (Dkt. 1 at ¶ 4). Defendants argue that because Plaintiff has failed to allege any specific act by Defendant Dougherty that caused the alleged injuries to Plaintiff, the claims against Defendant Dougherty should be dismissed. (Dkt. 3–1 at 3–4).

■ "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (citations omitted). As explained by the Second Circuit Court of Appeals:

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitu-

tional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995). "In the wake of *Iqbal,* there is some disagreement among courts about whether these five factors continue to apply. All courts appear to agree, however, that allegations that do not satisfy *any* of the *Colon* prongs are insufficient to state a claim against a defendant-supervisor." *Best v. City of New York,* No. 11 Civ. 4475(JMF), 2012 WL 5458054, at *4 (S.D.N.Y. Nov. 8, 2012) (citations and quotations omitted) (emphasis in original).

Plaintiff's conclusory allegation that Defendant Dougherty "acted in a supervisory capacity" over Defendant Howard is insufficient to state a claim upon which relief may be based. *Bennett v. Fischer,* No. 9:09–CV–1236 (FJS/DEP), 2010 WL 5525368, at *11 (N.D.N.Y. Aug. 17, 2010) ("[i]t is well settled that vague and conclusory allegations that a supervisor has failed to properly manage a subordinate do not suffice to establish the requisite personal involvement and support a finding of liability.") (citing *Pettus v. Morgenthau,* 554 F.3d 293, 300 (2d Cir.2009)); *O'Diah v. Mawhir,* No. 9:08–CV–322 (TJM)(DRH), 2010 WL 6230937, at *5 (N.D.N.Y. Dec. 14, 2010) ("a position in a hierarchal chain of command, without more, is insufficient to support a showing of personal involvement.").

In his response papers, Plaintiff argues: "[a]s stated in paragraph number 19 of the complaint, it was Defendant Dougherty who refused to assist the Plaintiff with his

complaints and also seized his wallet while taking money purportedly for 'bail.'" (Dkt. 5 at 5). Paragraph 19 of the complaint reads as follows: "[u]pon his detention, plaintiff had requested to meet with a magistrate, this was denied. Upon his detention, one of the defendants sieged[sic] Plaintiff's wallet, seized $100 and stated this would be 'bail.'" (Dkt. 1 at ¶ 19). It is not evident that Plaintiff is alleging that Defendant Dougherty was the particular defendant who allegedly took Plaintiff's wallet and removed $100, nor does this language suggest that Defendant Dougherty was present or refused to assist Plaintiff with his complaints. The allegations in Plaintiff's complaint focus almost exclusively on Defendant Howard's actions before, during, and after Plaintiff's arrest. The complaint is devoid of sufficient allegations against Defendant Dougherty.

However, the Court notes that in his opposition papers, Plaintiff requests the opportunity to file an amended complaint to provide additional factual support for his claims against Defendant Dougherty in the event the Court determines that there are insufficient facts as pled to survive Defendants' motion to dismiss. (Dkt. 5 at 6–7). Federal Rule of Civil Procedure 15(a) allows a litigant to amend a pleading by leave of court. Under this rule, "leave shall be freely given when justice so requires." "[T]he decision to grant leave to amend is wholly within a district court's discretion." *Henneberry v. Sumitomo Corporation of America*, 532 F.Supp.2d 523, 531 (S.D.N.Y.2007). However, Plaintiff's request has not been properly made.

Local Rule of Civil Procedure 15(a) states, in part:

A movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must

be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference.

L.R. Civ. P. 15(a). Further, Local Rule 15(b) states: "[T]he amendment(s) or supplement(s) to the original pleading shall be identified in the proposed pleading through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format." L.R. Civ. P. 15(b). Plaintiff has requested to amend his complaint within his response to Defendants' motion to dismiss, but has not filed a motion seeking this relief, nor has Plaintiff presented a proposed amended complaint in compliance with Local Rule 15.

In support of his request to amend his complaint, Plaintiff has submitted an affidavit dated September 11, 2014, that does appear to provide sufficient factual support to sustain a claim against Defendant Dougherty in his individual capacity under 42 U.S.C. § 1983. (Dkt. 7). As a result, in the interest of justice, the Court will permit Plaintiff to file a motion to amend his complaint to provide additional factual support for his allegations against Defendant Dougherty as outlined in his September 11, 2014 affidavit. (*Id.*). Defendants will be given an opportunity to respond, and once all of the papers have been submitted and a decision rendered, the Court will set a deadline for Defendants to file an answer.

Accordingly, Plaintiff's claim pursuant to § 1983 against Defendant Dougherty is dismissed without prejudice. If Plaintiff wishes to pursue this claim, he must file a motion to amend his complaint in accordance with Fed.R.Civ.P. 55(a) and L.R. Civ. P. 15 within twenty (20) days of the filing of the Decision and Order.

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss (Dkt. 3) is granted. Plaintiffs official capacity claims against Defendants and Plaintiff's second cause of action for conspiracy pursuant to 42 U.S.C. § 1985 are dismissed with prejudice. Plaintiff's claim pursuant to 42 U.S.C. § 1983 against Defendant Dougherty is dismissed without prejudice. If Plaintiff wishes to pursue his claims against Defendant Dougherty, he is directed to file a motion to amend his complaint in accordance with Fed.R.Civ.P. 55(a) and L.R. Civ. P. 15, within twenty (20) days of the filing of this Decision and Order. Defendants will be given an opportunity to respond, and once all of the papers have been submitted and a Decision and Order rendered, the Court will set a deadline for Defendants to file an answer.

SO ORDERED.