24-1803-cv
Grune v. Hernandez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

———————————————————————

Jeffrey C. Grune,

> *Plaintiff-Appellant,*

v.                                                      24-1803

Hazel Hernandez, AKA Cissy, Code Enforcement Officer,

> *Defendant-Appellee.*

———————————————————————

**FOR PLAINTIFF-APPELLANT:**                    Jeffrey Grune, *pro se*, Cohoes, NY.

**FOR DEFENDANTS-APPELLEES:**                Ryan P. Bailey, Bailey, Johnson & Peck, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Jeffrey Grune, representing himself, appeals from the district court's dismissal of his Amended Complaint ("Complaint") for failure to state a claim. Grune sued Hazel Hernandez, the Code Enforcement Officer for the Town of New Lebanon, New York, under 42 U.S.C. § 1983, asserting procedural due process and equal protection violations.

In his Complaint, Grune alleged that his landlord's maintenance workers cut down a tree and dropped it on his mobile home, causing damage to the roof. After Grune contacted Hernandez, she inspected the home and then issued an "Order to Vacate and Repair," directing the occupants to vacate the premises and obtain a building permit to repair the structural damage. The directive noted that under New York law manufactured homes must be serviced by certified

2

mechanics.

Grune alleges that Hernandez violated the Equal Protection Clause by treating his landlord and another resident, "Mr. Munch," differently with respect to damage to, and repair of, their premises. We additionally construe Grune's Complaint as alleging that Hernandez violated his procedural due process rights by declaring his home to be "unsafe" without affording a meaningful opportunity to be heard.

The district court granted Hernandez's motion to dismiss Grune's Complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6). *Grune v. Hernandez*, No. 1:22-CV-857, 2024 WL 2818367 (N.D.N.Y. June 3, 2024). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

We review the district court's dismissal for failure to state a claim under Rule 12(b)(6) without deference to the district court's analysis. *VIZIO, Inc. v. Klee*, 886 F.3d 249, 255 (2d Cir. 2018). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree*

3

*Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996).[1]

We agree with the district court that Grune failed to state a "class of one" equal protection claim. A plaintiff can state a "class of one" equal protection claim by plausibly alleging that a government "intentionally treated [the plaintiff] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In a successful "class of one" equal protection claim, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Hu v. City of New York*, 927 F.3d 81, 91 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005)).[2] In particular, a plaintiff must show that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Id.* at 92. Grune failed to allege

---

[1] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

[2] *Nielson* was overruled on other grounds. *See Hu*, 927 F.3d at 92 n.3.

4

sufficient similarity between his circumstances and either of his comparators to support a "class of one" equal protection claim.

Grune's claim that Hernandez treated him differently from his landlord fails because, although Grune alleged that the landlord was allowed to complete roof work on a mobile home owned by the landlord without a permit, and without relying on certified contractors, Grune did not allege that Hernandez had inspected the landlord's mobile home and found similar damage. Instead, the Complaint faults Hernandez for failing to *investigate* the nature of the landlord's roof work. But here, Grune actually contacted the relevant Town department, explained what had happened, and showed images of the damaged home. (On appeal, Grune emphasizes that the district court inaccurately stated that Grune asked Hernandez to inspect the home. We recognize that Grune did not request the inspection, but that doesn't change our analysis.) Plus, Grune hasn't alleged that the landlord's home suffered any damage, let alone damage that was similar to his own.

We likewise conclude that Munch is not a sufficient comparator to sustain a "class of one" equal protection claim. Grune alleged that the Town Board held a hearing before taking action with respect to the collapsed roof on Munch's

5

property, whereas Grune was not offered a hearing even after Hernandez served him a notice to vacate. But the Town Board meeting minutes attached to Grune's amended complaint reveal that the Munch home was vacant and in foreclosure proceedings, and that the Town Board was considering boarding up the windows and doors and demolishing the porch due to the dangers the home posed to nearby schoolchildren.[3] Grune was not similarly situated to Munch.

We also agree with the district court that Grune's Complaint, liberally construed, fails to state a procedural due process claim. To establish a procedural due process violation, Grune must show that Hernandez "deprived him of a cognizable interest in life, liberty, or property," without constitutionally sufficient process. *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017).

The Supreme Court has distinguished between due process claims based on "established state procedures" and "random, unauthorized acts by state

---

[3] Under these circumstances, we may presume the accuracy of the statements in the Town Board meeting minutes that Grune attached to his Complaint. "[A] plaintiff does not necessarily adopt as true *the full contents* of any document attached to a complaint or adopted by reference." *Pearson v. Gesner*, 125 F.4th 400, 406 (2d Cir. 2025). "Rather than accepting as true every word in a unilateral writing by a defendant and attached by a plaintiff to a complaint, the court must consider why a plaintiff attached the documents." *Id.* at 407 (emphasis omitted). Here, Grune attached the documents to demonstrate that he and Munch were similarly situated and did not challenge the accuracy of the minutes. Under these circumstances, we may consider the facts documented in the minutes for the purpose of comparing Munch's alleged circumstances to Grune's.

6

employees." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). "Where a deprivation at the hands of a government actor is random and unauthorized, hence rendering it impossible for the government to provide a pre-deprivation hearing, due process requires only a post-deprivation proceeding." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). In such circumstances, "it is impossible for the government to anticipate and prevent the wrongful loss of liberty or property in advance, and it has no realistic alternative other than to adopt remedies capable of righting the wrong after the deprivation." *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001).

Thus, "there *is no* constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property." *Hellenic*, 101 F.3d at 882. And this Court has "held on numerous occasions that an Article 78 proceeding is a perfectly adequate postdeprivation remedy." *Id.* at 881.

The district court properly treated Hernandez's actions here as "random and unauthorized," insofar as she issued a notice to vacate without offering Grune a pre-deprivation (or post-deprivation) hearing. The Town Code provides that the Building Inspector's notice of an unsafe building condition should ordinarily

7

provide for a hearing to give the owner an opportunity to appear and respond. *See* Town of New Lebanon Code § 83-3 (reproduced at App'x 78). Hernandez did not comply with this requirement.

Grune argues that Hernandez did not act in a "random and unauthorized" manner because she acted pursuant to her express emergency authority under Town Code § 83-5. We disagree. For one thing, the Town Code does not confer on Hernandez the authority to take unilateral emergency action outside of the ordinary process; rather, § 83-5 gives *the supervisor* of the town the power to *direct* the Building Inspector (here, Hernandez) to take necessary action to ensure safety in an emergency. Unlike the cases Grune cites, this case does not involve a high-ranking state official with final authority over significant matters depriving the plaintiff of cognizable rights without adequate pre-deprivation process. *See, e.g.*, *Velez v. Levy*, 401 F.3d 75, 92–93 (2d Cir. 2005) (Chancellor of New York City School District removing school board member); *Dwyer v. Regan*, 777 F.2d 825, 832–33 (2d Cir. 1985) (New York Comptroller removing civil service employee). Thus, our assessment that the availability of a post-deprivation Article 78 proceeding provided Grune with sufficient process does not turn on whether Hernandez was purporting to exercise emergency authority.

For the above reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court